STATE v. DONALD GLEWWE.

239 N. W. 2d 479.

February 27, 1976—No. 45567.

*Thomson, Wylde, Nordby & Friedberg* and *Jack S. Nordby,* for appellant.

*Warren Spannaus,* Attorney General, and *Linn Slattengren,* County Attorney, for respondent.

Heard before Peterson, Todd, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Donald Glewwe appeals from judgment of conviction following a jury trial of the crimes of burglary and felonious theft. Glewwe was sentenced upon the burglary conviction to a 90-day term in the county jail. In addition, he was fined in the amount of $1,000. Execution of the jail sentence was stayed upon Glewwe's payment of the fine and his making restitution of $275. We remand.

Glewwe was accused of wrongfully taking various items of personal property belonging to Donald Lindgren. Lindgren, who occasionally occupied a trailer house on rural property he owned in Chisago County, kept a number of "antique" items and equestrian equipment in a granary, disused farmhouse, and chicken coop on the property. In July 1972, he noticed that certain items were missing from these buildings.

Testimony linking these missing items to Glewwe was provided by the principal prosecution witnesses, neighbors and former friends of Glewwe who had become estranged following financial and other dis-

putes. After Glewwe obtained a civil judgment against them, these neighbors furnished the police with evidence of events that had allgedly occured some 14 months earlier and indicated that Glewwe had wrongfully obtained possession of a number of items which Lindgren was missing.

Competent testimony established that Glewwe had possessed a saddle and bridle (Glewwe subsequently sold these items to a third party) which belonged to Lindgren whose detailed identification of these items, which were introduced into evidence, was very persuasive. However, none of the other items allegedly missing from Lindgren's property was produced in court, and the evidence purportedly establishing that Glewwe had had possession of them was of very doubtful veracity. In particular, testimony by Glewwe's estranged neighbors that he obtained an antique wall telephone from the Lindgren property was completely refuted by the testimony of a disinterested witness.

While Lindgren testified that he would not accept $100 for the saddle and bridle, they were sold by Glewwe for $35, and other evidence as to their original cost and present condition established that their value could not exceed $100.

Upon this evidence the jury found Glewwe guilty of burglary. As to the theft charge, the jury was given two forms of verdict, one for theft of property valued at less than $100, and one for theft of property valued at more than $100. The jury used the latter form but inserted the handwritten figure of "$100" in the printed form so it read "THEFT of property of the value of ($100.00 or) more than $100.00."

At the time of sentencing, the prosecutor advised the trial court that Glewwe could only be sentenced for one of the two offenses for which he was convicted and moved his sentencing under the burglary conviction. This was an inaccurate statement of the law since Minn. St. 609.035, to which the prosecutor was apparently referring, specifically exempts burglary from its general rule that where the same conduct constitutes more than one offense, punishment may be imposed for only one of such offenses. As noted above, however, the trial judge followed the prosecutor's recommendation and entered sentence only upon the burglary conviction.

We have grave doubts that the evidence is sufficient beyond a reasonable doubt to sustain a burglary conviction, particularly as to the requisite elements of (1) entry into a "building", defined as a "structure suitable for affording shelter for human beings", with (2) "intent to commit a crime" therein. Minn. St. 609.58, subd. 1(2) and subd. 2.

However, because of the disposition we make of this matter, we need not reach the issues raised as to the burglary conviction.

Under Minn. St. 609.13, subd. 1(1), a conviction is deemed to be for a misdemeanor if the sentence imposed is within the limits provided by law for a misdemeanor conviction. The 90-day sentence imposed in this case is within such limits. See, Minn. St. 609.02, subd. 3. Therefore, in the interest of justice in light of the facts and circumstances of this case, this conviction is deemed to be a misdemeanor.

We are satisfied that the evidence supports the jury's verdict of theft of property of the value of $100, which is a misdemeanor.

We accordingly remand this matter to the trial court with instructions to reduce the fine to $300 or less. See, Minn. St. 609.02, subd. 3. We note one of the conditions for stay of jail sentence provided for payment by Glewwe to Lindgren of restitution in the amount of $275. We further note that the saddle and bridle have been returned to Lindgren and therefore any restitution ordered as a condition to probation is improper and shall be deleted on remand.

Remanded with instructions.