**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Leslie K. CUMHURIYET,
Defendant-Appellant.**

No. 78–324.

Colorado Court of Appeals,
Div. I.

June 28, 1979.

Rehearing Denied July 19, 1979.

Certiorari Granted Dec. 24, 1979.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David K. Rees, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Ilene P. Buchalter, Deputy State Public Defender, Denver, for defendant-appellant.

COYTE, Judge.

Defendant, Leslie K. Cumhuriyet, pled guilty to misdemeanor theft of a credit card after a plea bargain in which charges of second degree forgery, fraudulent use of a credit device, and conspiracy to commit second degree forgery were dismissed. She was placed on probation and as one condition of probation was ordered to pay restitution in the sum of $21.98. On this appeal she contends error in the imposition of this condition. We affirm.

The presentence report indicates that the charges against defendant and a codefendant were based upon the use of a credit card for the purchase of a coat at a Fashion Bar store in south Denver and the coat was recovered. The report also noted that the same credit card had been used at another Fashion Bar store earlier the same day to purchase merchandise in the amount of $43.96. The probation officer recommended that defendant be ordered to pay her share, i. e., one-half of this amount, as restitution. Over defendant's objection that no charges were filed against her in connection with this incident, the trial court adopted this recommendation and ordered the restitution payment along with other conditions of probation.

Defendant contends that a condition of probation requiring restitution for an offense with which she was not charged and for which her guilt has not been established is violative of her rights to due process of law and is not authorized by statute. We disagree.

Probation is a privilege rather than a right. *Holdren v. People,* 168 Colo. 474, 452 P.2d 28 (1969).

Here, defendant signed a probation agreement and the trial court found that defendant understood the conditions of her probation, agreed to abide by the terms thereof, and understood that violation of

the conditions could result in arrest and further judicial action. If a defendant feels that the terms of the probation are unduly harsh, the defendant is free to refuse probation. *People v. Miller,* 256 Cal.App.2d 348, 64 Cal.Rptr. 20 (1967).

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.