**No. 79SC252**

**Leslie K. Cumhuriyet v. The People of the State of Colorado**

(615 P.2d 724)

Decided September 2, 1980.

---

J. Gregory Walta, State Public Defender, Ilene P. Buchalter, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, David K. Rees, Assistant Attorney General, for respondent.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

We granted certiorari to review the decision of the Court of Appeals in *People v. Cumhuriyet,* 42 Colo. App. 532, 604 P.2d 690 (1979), that restitution for a sum not the subject of criminal charges was a proper condition of probation. We reverse.

On October 26, 1977, the defendant Leslie Cumhuriyet, who was shopping with another woman at a Fashion Bar store on South Broadway in Denver, attempted to pay for a coat priced $119.99 with a Fashion Bar credit card. The defendant signed the sales slip with the name on the credit card. The shoppers' conduct made the assistant manager suspicious, and he called the woman whose name was on the card. She said that she never had received the Fashion Bar card she had requested. The assistant manager called the police, who recovered the coat and arrested the defendant.

The defendant pled guilty to misdemeanor theft [section 18-4-401, C.R.S. 1973, (1978 Repl. Vol. 8)], and the trial court dismissed charges of second-degree forgery [section 18-5-103, C.R.S. 1973 (1978 Repl. Vol. 8)], fraudulent use of a credit device [section 18-5-202, C.R.S. 1973 (1978 Repl. Vol. 8)], and conspiracy to commit second-degree forgery [section 18-2-201, C.R.S. 1973 (1978 Repl. Vol. 8)]. All the charges related to the transaction at the South Broadway store.

The pre-sentence report included Fashion Bar records showing the stolen credit card was used also on October 26, 1977, the purchase shoes and socks for $43.96 at a Northglenn Fashion Bar. The trial court followed the probation officer's recommendation, placed the defendant on probation, and ordered her to pay to Fashion Bar restitution in the amount of $21.98, one-half of the Northglenn purchase. The defendant was never charged with any crime allegedly committed at the Northglenn store. The defendant accepted probation, but her timely objection to the restitution is included in the record of the probation hearing.

The defendant argues that the statute governing the conditions of probation [section 16-11-204, C.R.S. 1973 (1978 Repl. Vol. 8)][1] does not authorize restitution when there is no showing that the defendant caused the injury. If the statute authorizes such an order, the defendant claims that the order violates the defendant's due process rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Because we resolve the issue here on statutory grounds, we need not reach the defendant's constitutional claims.

The Court of Appeals affirmed the restitution order because probation is a privilege which the defendant could refuse. *Holdren v. People,* 168 Colo. 474, 452 P.2d 28 (1969). The reliance of the Court of Appeals on *Holdren* is misplaced. There, the defendant complained about the severity of the terms of probation, not whether the terms were authorized by statute. Other cases have established that a defendant may challenge the terms of probation because they are not within the statutory authority of the court. *See, e.g., People v. A. F.,* 192 Colo. 207, 557 P.2d 418 (1976); *People v. Ledford,* 173 Colo. 194, 477 P.2d 374; *Logan v. People,* 138 Colo. 304, 332 P.2d 897 (1958).

The terms and conditions of probation are statutory. *People v. Ledford, supra.* The conditions to be imposed with probation are those which "the court in its discretion deems reasonably necessary to insure that the defendant will lead a law-abiding life and to assist him to do so." Section 16-11-204(1), C.R.S. 1973 (1978 Repl. Vol. 8, current version in 1979 Supp.).[2]

---

[1] Current version section 16-11-204.5, C.R.S. 1973 (1979 Supp.).

[2] Restitution is now a required condition of probation. Section 16-11-204(1) and 204.5, C.R.S. 1973 (1979 Supp.).

Section 16-11-204(2)(e) provides that as a condition of probation the trial court may require the defendant to

"[m]ake restitution . . . to the victim of *his* conduct for the damage or injury which was sustained . . . . When any restitution . . . is a condition of probation, the court shall fix the amount thereof, which shall not exceed an amount the defendant can or will be able to pay and shall fix the manner of performance . . . ." (Emphasis added.)[3]

The question here is whether the damage or injury sustained by Fashion Bar in the Northglenn theft is properly a liability of the defendant in the court's restitution order.

■ Restitution, which is intended to make the victim whole, means that a defendant should not be forced to repay a victim when there has been no indication that the damage or injury sustained by the victim was inflicted by the defendant. Here, Fashion Bar suffered damage when merchandise worth $43.96 was purchased at the Northglenn store with the stolen credit card. The defendant attempted to use the stolen card later the same day at a different store, but there is no indication that the defendant made the purchase at the Northglenn store. The trial court's requirement that the defendant pay one-half of the Northglenn loss because the defendant was with another woman at the time of the South Broadway incident acknowledges the speculation upon which restitution was based.

■ Section 16-11-204(2)(e) requires that the injury of the victim be sustained as a result of the conduct of the defendant. More than speculation is required in order for the defendant to bear responsibility for the injury. *State v. Cox,* 35 Ore. App. 169, 581 P.2d 104 (1978); *State v. Glewwe,* 307 Minn. 513, 239 N.W.2d 479 (1976); *State v. Caudle,* 276 N.C. 550, 173 S.E.2d 778 (1970).

We leave open the question of a showing short of a criminal conviction required to establish the defendant's culpability for the injury before restitution may be imposed. The probation report may be enough to support an order for such restitution if the defendant is given an opportunity to question the pre-sentence report at the probation hearing. Some jurisdictions require notice and an opportunity for the defendant to be heard before considering restitution for losses from related offenses. *People v. Lent,* 15 Cal.3d 481, 541 P.2d 545, 124 Cal. Rptr. 905 (1975); *Fresneda v. State,* 347 So.2d 1021 (Fla. 1977).

■ The trial court here improperly ordered restitution based on the pre-sentence report. Without more evidence showing the defendant's responsibility for the injury sustained by Fashion Bar, restitution for the uncharged theft was not a proper condition of probation.

---

[3] Current version section 16-11-204.5(1), C.R.S. 1973 (1979 Supp.).

Judgment reversed.
JUSTICE LEE does not participate.