The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Marshall E. BRIGNER, Defendant–Appellant.

No. 98CA0120.

Colorado Court of Appeals, Div. V.

April 1, 1999.

Rehearing Denied April 29, 1999.

Gale A. Norton, Attorney General, Richard A. Westfall, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Dawn M. Weber, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, James Grimaldi, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Marshall E. Brigner, appeals the trial court's order directing him to pay restitution following his plea of guilty to defrauding a secured creditor. We vacate the order and remand the cause for correction of the mittimus.

The facts in this case are largely undisputed. Defendant agreed to purchase a dairy farm from the victim. As part of that purchase, the victim retained a security interest in the dairy cattle on the farm.

Thereafter, the cattle became ill and were no longer able to produce milk. Defendant therefore sold the cattle for beef, receiving substantially less for the animals than he would have had he been able to sell them as dairy cattle. The victim claimed he had not given defendant permission to sell the cattle.

Defendant was charged with three counts of defrauding a secured creditor under § 18–5–206(1)(c), C.R.S.1998, which makes it a crime to dispose of collateral subject to a security interest with intent to defraud the creditor. Pursuant to a plea agreement, defendant pled guilty to one of the charges and the remaining two were dismissed.

The prosecution sought $178,000 in restitution. This amount was based primarily on the agreed-upon price for the animals at the time defendant purchased them from the victim, less payments defendant had made. Defendant objected to the amount, arguing that restitution should be based on the fair market value of the cattle at the time he sold them, which he asserted was equal to their sale price of $67,842.57. The trial court disagreed and set the amount of restitution at $178,000, the amount of the victim's actual net loss on the cattle.

On appeal, defendant contends that the trial court applied an erroneous standard in determining the amount of restitution owed. We agree.

Section 16–11–204.5(1), C.R.S.1998, provides that, as a condition of every sentence to probation, the court shall order the defendant to make full restitution to the victim of his or her conduct "for the actual damages that were sustained."

"Actual damages" means actual pecuniary losses sustained as a direct result of the defendant's criminal conduct. *People v. Deadmond,* 683 P.2d 763 (Colo.1984); *People v. Estes,* 923 P.2d 358 (Colo.App.1996).

A defendant may not be ordered to pay restitution for losses that did not result from the conduct that was the basis of the defendant's criminal conviction. *See Cumhuriyet v. People,* 200 Colo. 466, 615 P.2d 724 (1980) (restitution for uncharged theft was not a proper condition of probation); *People v. Estes, supra* (although amount of auto loan might have been owed by defendant to victim, it was improper to include that amount in restitution order where there was no evidence that loan was the result of criminal activity).

Here, the loss directly resulting from defendant's criminal conduct was the loss of collateral whose undisputed fair market value at that time was $67,842.57. Although the victim contended that defendant was responsible for the decline in the value of the cattle, the criminal charges against defendant were based solely on his unauthorized sale of the cattle, not on any negligence or mismanagement on his part prior to the sale.

While the victim may have a civil remedy against defendant to recover the balance owed him, restitution is a criminal penalty and may not be used as a substitute for a civil action for damages. *See People v. Catron*, 678 P.2d 1 (Colo.App.1983). Defendant can be subject to criminal liability only for the loss that was the result of his criminal conduct.

Because we have determined that the amount of restitution in this case was not equal to the principal balance owed to the victim on the cattle purchase, we necessarily reject the People's argument that defendant waived his right to object to the amount of restitution by failing to adduce evidence rebutting the amount of principal owed.

The order of restitution is vacated, and the cause is remanded to correct the mittimus to reflect $67,842.57 as the amount of restitution.

DAVIDSON and STERNBERG *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1998.