**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Gary L. REYES, Defendant–Appellant.**

No. 06CA0241.

Colorado Court of Appeals, Div. V.

June 28, 2007.

**302**

John W. Suthers, Attorney General, Elizabeth Joan Wahl, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Rebecca R. Freyre, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Gary L. Reyes, appeals a portion of the trial court's order of restitution imposed in connection with his conviction for attempted second degree burglary. We vacate that portion of the court's order.

Defendant, who was intoxicated, left a bar on foot intoxicated following an argument with his wife. He threw a rock through a window of a building, entered the building through the broken window, and went into the offices of a charitable organization (the victim). He took several items, including some bank statements, from the victim but then left them nearby, outside the building.

In exchange for the dismissal of second degree burglary, criminal mischief, and theft charges arising from this incident, defendant entered a guilty plea to attempted second-degree burglary. The prosecution then requested that defendant be required to pay restitution to the victim for the costs of (1) closing and then re-opening its bank accounts and (2) installing locks on all its interior offices.

Defendant objected to paying restitution for the locks. At the restitution hearing, the prosecution presented evidence that, although the victim's interior offices previously had no locks, defendant's break-in had convinced the victim of the need for such locks. In describing that need, the victim's chief operating officer noted that, once inside the building, defendant "had [had] access to the rest of the office and got[ten] into [her] office," from which "he stole . . . bank statements."

Citing *People v. Trujillo,* 75 P.3d 1133 (Colo.App.2003), defendant argued that the victim's generalized feeling of insecurity following the break-in did not warrant an award of restitution for the costs of installing the locks. The trial court disagreed, finding that the victim installed the locks "for a particular financial purpose rather than a sense of well-being."

On appeal, defendant contends, and we agree, that the trial court erred in ordering restitution for the cost of installing the locks.

■ "[I]n all cases in which a defendant's criminal conduct has caused pecuniary damages to a victim, the trial court is required to order the defendant to pay restitution . . . as part of the judgment." *People v. McCann,* 122 P.3d 1085, 1087 (Colo.App.2005) (citing § 18–1.3–603(1), C.R.S.2006).

■ A trial court has broad discretion in determining the terms and conditions of a restitution order, and its ruling will not be disturbed absent an abuse of discretion. See *People v. Harman,* 97 P.3d 290, 294 (Colo. App.2004). As relevant here, a trial court abuses its discretion when it misconstrues or misapplies the law. See *DeLong v. Trujillo,* 25 P.3d 1194, 1197 (Colo.2001); *People v. Garcia,* 169 P.3d 223, 2007 WL 1288446 (Colo.App. No. 04CA2240, May 3, 2007). Here, we conclude that, in ordering restitution for the cost of installing the locks, the trial court misapplied the law.

■ The Restitution Act, § 18–1.3–601, et seq., C.R.S.2006 (the Act), is liberally construed to accomplish the purpose of making crime victims whole for the harms they suffered because of particular defendants' criminal conduct. *People v. McCann, supra,* 122 P.3d at 1087.

Under the Act, restitution is defined as "any pecuniary loss suffered by a victim," including but not limited to:

all out-of-pocket expenses, interest, loss of use of money, anticipated future expenses, rewards paid by victims, money advanced by law enforcement agencies, money advanced by a governmental agency for a service animal, adjustment expenses, and other losses or injuries proximately caused

by an offender's conduct and that can be reasonably calculated and recompensed in money.

Section 18–1.3–602(3)(a), C.R.S.2006.

In *Trujillo,* a division of this court recognized that, although "a precise definition of the losses includable in a restitution order may not be possible," § 18–1.3–602(3) nonetheless "places limits on what may be included." *People v. Trujillo, supra,* 75 P.3d at 1140. The division explained that "[t]he loss must be a pecuniary loss, and it may be one specifically mentioned in [the] statute or some other loss or injury that is 'proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money.'" *People v. Trujillo, supra,* 75 P.3d at 1140 (quoting § 18–1.3–602(3)(a) ).

■ In this case, the loss claimed by the victim is not specifically mentioned in the restitution statute. Thus, to be subject to a restitution order, the loss has to qualify as one that is "proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money." Section 18–1.3–602(3)(a).

Here, there is no issue about whether the cost of installing the locks could be "reasonably calculated and recompensed in money." Rather, the issue is whether it qualifies as a "loss proximately caused by an offender's conduct."

■ As used in this context, "proximate cause" is defined as "a cause which in natural and probable sequence produced the claimed injury" and "without which the claimed injury would not have been sustained." *People v. Bryant,* 122 P.3d 1026, 1027 (Colo.App.2005)(quoting *People v. Clay,* 74 P.3d 473, 475 (Colo.App.2003)).

In *Trujillo, supra,* the division noted the ease with which restitution is ordered when losses are "directly caused by an offender's conduct, such as property unlawfully taken or damaged and personal injuries inflicted by the offender." *People v. Trujillo, supra,* 75 P.3d at 1140. However, the division also recognized that restitution issues become "more difficult and may require more precise findings" when a claimed loss "is attenuated from the offender's conduct." *People v. Trujillo, supra,* 75 P.3d at 1140.

In *Trujillo,* the trial court had ordered a defendant convicted of burglary to pay restitution for the cost of installing a burglar alarm system in the victim's home. On appeal, the division observed that the trial court's findings did "not support any loss by the victim other than a generalized feeling of insecurity" which was common to most crime victims. *People v. Trujillo, supra,* 75 P.3d at 1140. Further, the division stated, "Crime victims' feelings of insecurity could have multiple causes, and the solutions they select are very subjective and potentially numerous or varied. Thus, a victim's effort to find peace of mind and a sense of personal security is attenuated from the offender's conduct." *People v. Trujillo, supra,* 75 P.3d at 1140. Because the trial court's findings were insufficient, the division reversed the restitution award and remanded it for reconsideration by the trial court. *People v. Trujillo, supra,* 75 P.3d at 1140–41.

In *People v. Bryant, supra,* another division of this court characterized *Trujillo* as holding that a loss of a type of a generalized feeling of insecurity "was too attenuated from the defendant's criminal conduct to support the [restitution] order." *People v. Bryant, supra,* 122 P.3d at 1028.

In *Bryant,* the division reviewed a restitution order obligating a defendant convicted of attempted extortion to pay for his victim's moving expenses, charges incurred for terminating an apartment lease early, and lost wages. The defendant and another man had made threats against the victim, both men were involved in contacts with the victim and had access to information about where the victim lived, and only defendant had been arrested for making threats. Under those circumstances, the division found that, unlike in *Trujillo,* the *Bryant* victim's losses were caused, not by a generalized feeling of insecurity, but rather by a specific threat that still existed. Thus, restitution was proper because the defendant's actions were the proximate cause of the victim's efforts to avoid the continuing threat against him. *People v. Bryant, supra,* 122 P.3d at 1028.

Defendant asserts that the present case is controlled by the analysis in *Trujillo*, while the People argue that it is controlled by the analysis in *Bryant*. We agree with defendant.

The People assert that, as in *Bryant*, defendant poses an ongoing and specific threat to the victim's security because the trial court sentenced him to probation, rather than a term of imprisonment. According to the People's answer brief, defendant's "knowledge regarding access to the victim's financial paperwork and checks still posed a security threat to the victim and necessitated the interior locks."

■ However, "[m]ore than speculation is required in order for the defendant to bear responsibility [for paying restitution] for the injury." *Cumhuriyet v. People*, 200 Colo. 466, 469, 615 P.2d 724, 726 (1980). Here, the People's assertion about an ongoing and specific threat from defendant is speculation.

Unlike the defendant in *Bryant*, defendant here had no prior connection to, or contact with, the building, the victim, or its employees. Defendant had no prior criminal record, and his conduct apparently was a random act by an intoxicated person who was angry with his wife. Moreover, although defendant took various items from the victim's offices, he left them in some nearby shrubbery and subsequently sent a letter to the victim apologizing for his actions.

Under these circumstances, we perceive no causal connection between defendant's conduct and the victim's desire for increased security. *See Cumhuriyet v. People, supra,* 200 Colo. at 469, 615 P.2d at 726 ("a defendant should not be forced to repay a victim when there has been no indication that the damage or injury sustained by the victim was inflicted by the defendant"); *TPJ v. State,* 66 P.3d 710, 716 (Wyo.2003) (disallowing restitution for car alarm purchased not because defendant stole or damaged one but to prevent future burglaries).

■ Restitution is intended to make the victim whole, *People v. Trujillo, supra,* 75 P.3d at 1139, "not to put the victim in a better position than before the crime occurred." *Simmons v. State,* 90 Ark.App.

273, 205 S.W.3d 194, 198 (2005); *see also Bowman v. State,* 698 So.2d 615, 616 (Fla. Dist.Ct.App.1997) ("The purpose of restitution is to make the victim whole, not to make him better off than before the theft."). A victim is made whole when he or she is placed "in the same financial position he [or she] would have been in had the wrong not been committed." *Alcaraz v. State,* 44 P.3d 68, 73 (Wyo.2002).

Here, defendant's conduct did not create or increase the victim's risk of future burglaries, it merely exposed an existing vulnerability. Awarding restitution not because of any damage or injury defendant did or would inflict, but solely to correct the preexisting vulnerability puts the victim in a better financial position than it would have been in had defendant's conduct not occurred. It gives the victim an additional asset it did not have prior to defendant's conduct, despite the lack of evidence that such an asset is needed to protect the victim from defendant in the future. *Cf. People v. Bryant, supra.*

For these reasons, we conclude that the victim's expense of installing the interior locks, as a prophylactic against future break-ins, was not proximately caused by defendant's conduct, and, consequently, does not qualify for a restitution award.

Accordingly, that portion of the restitution order awarding the victim $535 for the installation of the locks is vacated.

Judge CARPARELLI and Judge TERRY concur.