**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jon Paul RIVERA, Defendant–Appellant.**

No. 07CA0279.

Colorado Court of Appeals, Div. I.

March 18, 2010.

John W. Suthers, Attorney General, John T. Lee, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Jon Paul Rivera, appeals the trial court's order granting the People's request for restitution of the victim's counseling expenses and denying an in-camera review and disclosure of documents supporting that request. We affirm.

## I. Background

In April 2006, Rivera pleaded guilty to sexual assault on a child, a class four felony, stemming from an incident involving thirteen-year-old victim K.T. The court subsequently sentenced Rivera to two years to life in the Department of Corrections.

After the People requested restitution of $2,102.25, Rivera objected only to the portion involving $1,050 for K.T.'s counseling expenses. At a restitution hearing, Rivera requested the court disclose medical records supporting the People's request for restitution of the counseling expenses on the basis that K.T.'s therapy might be attributable to issues that arose before the sexual assault. Alternatively, Rivera requested the court to conduct an in-camera review of the records.

Following a second hearing, the court denied Rivera's motion for discovery and an in-camera review, and granted the People's request for restitution, including K.T.'s counseling expenses.

This appeal followed.

## II. Relation of Medical Expenses to Criminal Conduct

Rivera contends K.T.'s counseling expenses were not attributable to his criminal conduct. We disagree.

■ A trial court has broad discretion to determine the terms and conditions of a restitution order. *People v. Reyes*, 166 P.3d 301, 302 (Colo.App.2007). We will only reverse its ruling on a showing of abuse of discretion. *Id.*

We liberally construe the restitution statute to accomplish its goal of making victims whole for the harms suffered as the result of a defendant's criminal conduct. *Roberts v. People*, 130 P.3d 1005, 1009 (Colo.2006). The restitution statute recognizes that "victims endure undue suffering and hardship resulting from ... emotional and psychological injury" and "[p]ersons found guilty of causing such suffering and hardship should be under a moral and legal obligation to make full restitution to those harmed by their misconduct." § 18–1.3–601(1)(a)–(b), C.R.S.2009. The statute also provides that restitution includes "any pecuniary loss suffered by a victim," including all out-of-pocket expenses and other "losses or injuries proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money." § 18–1.3–602(3)(a), C.R.S.2009.

■ For an award of restitution to be proper, if the loss claimed is not specifically mentioned in the restitution statute, it must be a loss that was proximately caused by the defendant's conduct. *People in Interest of D.W.*, 232 P.3d 182, 183 (Colo.App. 2009); *see* § 18–1.3–602(3)(a). Proximate cause in the context of restitution is defined as a cause which in natural and probable sequence produced the claimed injury and without which the claimed injury would not have been sustained. *People v. Leonard*, 167 P.3d 178, 181 (Colo.App.2007). A defendant may not be

ordered to pay restitution for losses that did not stem from the conduct that was the basis of the defendant's conviction. *People v. Brigner*, 978 P.2d 163, 164 (Colo.App.1999). When a victim seeks restitution for a loss that is attenuated from the defendant's conduct, the trial court must carefully consider whether proximate cause exists. *People v. Lassek*, 122 P.3d 1029, 1036 (Colo.App.2005) (holding that burial expenses and travel expenses for victim's parents to attend memorial service were a proximate cause of defendant's conduct); *cf. People v. Trujillo*, 75 P.3d 1133, 1140 (Colo.App.2003) (rejecting restitution request for victim's installation of an alarm system because a general diminished feeling of security could have multiple causes and is attenuated from the offender's criminal conduct).

Medical expenses are commonly included in restitution awards. *See, e.g., People v. Webb–Johnson*, 113 P.3d 1253, 1254 (Colo.App.2005) (holding that medical expenses are "out-of-pocket expenses" and "anticipated future expenses" recoverable under the restitution statute); *People v. Duran*, 991 P.2d 313, 314–15 (Colo.App.1999) (upholding restitution order of victims' medical bills without reducing the restitution because of the victims' own provocative conduct).

■ Counseling and mental health costs are considered medical expenses under the restitution statute. *See People v. Miller*, 830 P.2d 1092, 1094–95 (Colo.App.1991) (where defendant's act caused psychological harm to child, restitution award for counseling was appropriate, but facts did not support payment of restitution for future counseling sessions); *People v. Wheatley*, 805 P.2d 1148, 1151 (Colo.App.1990) (restitution was proper for counseling expenses incurred by victim where record supported the conclusion that trauma imposed on victim's pre-existing mental state required counseling). In *People v. Estes*, 923 P.2d 358, 361 (Colo.App.1996), a division of this court held that the trial court did not abuse its discretion in ordering restitution for family counseling where the victim impact statement alleged that the defendant's conduct caused psychological trauma to both the victim and the victim's family.

■ Victim compensation boards reimburse victims for expenses incurred due to the commission of a crime. *See* § 24–4.1–101, C.R.S.2009. The restitution statute provides that restitution may be ordered to any victim compensation board that has paid a victim compensation claim. *Dubois v. People*, 211 P.3d 41, 46 n. 3 (Colo.2009). The victim compensation statute requires a victim to submit a report from a treating physician attesting to the nexus between a defendant's criminal conduct and the victim's medical treatment. § 24–4.1–105(2)(a), C.R.S.2009. The statute also allows the victim compensation board to order reports of the victim's previous medical history when such information would materially aid its determination. *Id.*

■ The People must establish by a preponderance of the evidence the amount of restitution owed. *People v. Pagan*, 165 P.3d 724, 729 (Colo.App.2006). A court may not order restitution without a hearing at which the prosecution must prove the amount of the victim's loss and its causal link to the defendant's conduct, and at which the defendant may contest those matters. *People v. Martinez*, 166 P.3d 223, 225 (Colo.App.2007).

Here, Rivera's challenge to the restitution award focuses on the nexus between his conduct and K.T.'s counseling expenses. The record supports the conclusion that Rivera's criminal conduct resulted in psychological trauma to K.T. requiring counseling. First, the victim compensation board granted K.T.'s application for reimbursement of hospital and counseling expenses. In addition, the victim's father testified at Rivera's sentencing hearing that K.T. required weekly counseling as a result of Rivera's criminal conduct. The court also considered a letter written by a friend of the victim's family stating that K.T.'s attitude had changed dramatically as a result of Rivera's criminal conduct and the victim went "from a bubbly preteen to a dark, sad, no-longer-a-little-girl person." Further, the victim compensation board had the right to request records pertaining to K.T.'s prior medical history after reviewing the report from K.T.'s treating physician before it determined that compensation for K.T.'s counseling expenses was attributable to Rivera's criminal conduct.

Thus, we conclude that K.T.'s counseling expenses were attributable to his criminal conduct.

### III. Disclosure

Rivera contends the trial court erred in denying his request for disclosure of medical reports and information submitted by K.T. to the victim compensation board. We disagree.

■ The victim compensation statute provides that all records concerning an application for victim's compensation are confidential. § 24–4.1–107.5, C.R.S.2009. In addition, these materials are not "discoverable unless the court conducts an in-camera review of the materials sought to be discovered and determines that the materials sought are necessary for the resolution of an issue then pending before the court." § 24–4.1–107.5(2), C.R.S.2009. Because the victim compensation statute prohibits disclosure of the confidential documents Rivera requested unless the court first conducts an in-camera review, we next address the trial court's refusal to conduct an in-camera review of the confidential documents.

### IV. In–Camera Review

■ Rivera contends the trial court improperly denied his request under section 24–4.1–107.5(2) for an in-camera review of confidential documents supporting K.T.'s counseling expenses. We disagree.

The showing required to trigger an in-camera review of a victim's confidential medical records for use in a restitution hearing is a matter of first impression in Colorado. To determine what showing is necessary, we must consider the language in both the victim compensation statute, § 24–4.1–107.5(2), and the restitution statute, § 18–1.3–602(3)(a).

As noted above, the former statute provides that confidential materials are not discoverable unless the court conducts an in-camera review of the materials sought to be discovered "and determines that the materi-

als sought are necessary for the resolution of an issue then pending before the court."

Further, section 24–4.1–107.5(1)(a) provides:

In-camera review means a hearing or review in a courtroom, hearing room, or chambers to which the general public is not admitted. After such hearing or review, the contents of the oral and other evidence and statements of the judge *and counsel* shall be held in confidence by those participating in or present at the hearing or review, and any transcript of the hearing or review shall be sealed, until and unless the contents are ordered to be disclosed by a court having jurisdiction on the matter.

(Emphasis added.)

Thus, section 24–4.1–107.5(1)(a), unlike other statutes providing for in-camera review, contemplates that an attorney may participate in an in-camera review.

However, these statutes do not provide guidance with respect to how a trial court determines whether it should conduct an in-camera review with participation of counsel. Accordingly, we look to section 18–1.3–602(3)(a), which provides that restitution includes "any pecuniary loss suffered by a victim," and other "losses or injuries proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money." This statute provides guidance to trial courts, because it indicates that the records subject to a requested in-camera review must concern pecuniary losses suffered by a victim or "losses or injuries proximately caused by an offender's conduct."

The records that Rivera seeks to have the court review in-camera are just the opposite; they do not concern losses or injuries proximately caused by Rivera's conduct. However, Rivera argues they are relevant and necessary to establish that the counseling expenses incurred by K.T. following the sexual assault were not related to the sexual assault, and thus he must review records of any counseling that occurred prior to the sexual assault.

Because this request is somewhat attenuated from the direct language of both the victim compensation and restitution statutes, we must consider what kind of showing Rivera must make in order to obtain an in-camera review. Accordingly, we look to other analogous situations for guidance. A defendant cannot require a trial court to conduct an in-camera review of confidential documents in the possession of a child protection agency under a Pennsylvania statute without first establishing a basis for his or her claim that it contains material evidence. *Pennsylvania v. Ritchie*, 480 U.S. 39, 58, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). The Pennsylvania statute, 11 Pa. Stat. Ann. § 2215(a)(5) (1986), allowed disclosure of sensitive information in certain circumstances, including to a "court of competent jurisdiction pursuant to a court order."

Colorado courts have also addressed in-camera reviews under a similar statute. In *People v. Jowell*, 199 P.3d 38, 42 (Colo.App. 2008), a division of this court held that to obtain in-camera review of confidential dependency and neglect records under a Colorado statute, a defendant must explain the relevance and materiality of the information sought. The statute addressed in *Jowell*, § 19–1–307(2)(f), C.R.S.2009, allows a court to conduct an in-camera review of dependency and neglect documents only if it first finds such records "may be necessary" to determine an issue before the court, and prohibits disclosure of those documents unless the court finds disclosure is "necessary" to resolve a pending issue. *Id.* (citing *State v. Gagne*, 136 N.H. 101, 612 A.2d 899, 901 (1992) ("[T]o trigger an in camera review of confidential or privileged records, the defendant must establish a reasonable probability that the records contain information that is material and relevant to his defense.") ). The *Jowell* division held that a defendant is not entitled to automatic disclosure of child abuse or neglect records and the trial court will only conduct an in-camera review if "the defendant sets forth sufficient information to support a threshold finding that access to [the records] 'may be necessary for determination of an issue.'" *Id.*

In *People v. Turley,* 870 P.2d 498 (Colo. App.1993), a division of this court examined whether a defendant met his burden to require an in-camera review of dependency and neglect records under an earlier version of the statute addressed in *Jowell.* The division held that the defendant failed to establish an evidentiary hypothesis as to how his request for the documents would be relevant to his prosecution and necessary for the determination of an issue in his case. *Id.* at 502 (denying defendant's request for alleged records of a prior psychiatric history of the victim when he alleged such evidence related to the victim's mental state and her general credibility and reliability). The *Turley* division held that the trial court did not err in concluding the defendant had failed to meet his initial burden of showing the applicability of an exception to the child abuse and neglect statute's rule of confidentiality when the defendant failed to show the necessity for and existence of such records.[1] *Id.*

Colorado courts have also discussed when an in-camera review of documents is appropriate in other contexts. For example, the supreme court applied a balancing test before upholding the trial court's denial of defendant's request for an in-camera review of educational records, stating the defendant's need for information must be weighed against the privacy interests of the student and the student's family. *People v. Wittrein,* 221 P.3d 1076, 1085 (Colo.2009) (defendant "made no proffer of need directly related to the education records"). In the context of reviewing the decision of a trial court to conduct an in-camera review of an attorney's case file, the supreme court held that a party requesting review must show a factual basis adequate to support a good faith belief by a reasonable person that an in-camera review of the materials may reveal evidence to establish the party's claim that not all of the documents are protected by the attorney-client privilege. *People v. Madera,* 112 P.3d 688, 690 (Colo.2005). Similarly, before granting an in-camera review of documents possi-

bly protected by the governmental deliberative process privilege, the supreme court held that a party seeking discovery must make a sufficient showing of need. *City of Colorado Springs v. White,* 967 P.2d 1042, 1054 (Colo. 1998).

Thus, in all these circumstances, a party requesting in-camera review of confidential documents must make a threshold showing of need. More specifically, the *Ritchie, Jowell,* and *Turley* opinions address when an in-camera review of confidential documents is appropriate under statutes limiting the disclosure of child abuse and neglect and medical records.

■ Based on these cases, we conclude that to obtain an in-camera review of a victim's confidential mental health documents under section 24–4.1–107.5(2), a defendant must show (1) that his or her request is not speculative and (2) that an evidentiary hypothesis warrants in-camera review because such documents would tend to disprove all or part of the prosecutor's restitution request on the basis that the requested amounts were not proximately caused by the defendant's conduct. We conclude that Rivera's request for in-camera review fails both prongs of this test.

Rivera alleged that disclosure of K.T.'s medical records was necessary because she participated voluntarily in the sexual conduct, and thus, she must have had previous mental health problems. First, we conclude that Rivera's request is speculative because there is no evidence that K.T. received counseling prior to Rivera's sexual assault.

We also conclude that Rivera's allegations fail to establish a basis for disclosure of K.T.'s confidential medical records. Even if prior mental health records exist, Rivera failed to establish a reasonable evidentiary hypothesis that would disprove the prosecution's requested restitution because he has not asserted that K.T.'s counseling expenses were solely attributable to her circumstances

1. The *Turley* division also noted that medical records are subject to the physician-patient privilege and no exception to that privilege exists in Colorado. Thus, the request for mental health records "does not fall within the type of analysis required under the principles expressed in *Pennsylvania v. Ritchie.*" 870 P.2d at 502. Because the parties do not address whether that privilege applies here, we need not consider that issue.

before the sexual assault occurred. Thus, any prior counseling K.T. received may have evidenced an ongoing mental health issue, but would not establish that her post-offense counseling was not necessitated, at least in part, by Rivera's sexual assault of her.

Accordingly, we conclude that there is sufficient evidence in the record to support the trial court's order for restitution of K.T.'s counseling expenses and that the trial court did not abuse its discretion in refusing to order disclosure of K.T.'s counseling records or conduct an in-camera review of them.

The trial court's restitution order is affirmed.

Judge HAWTHORNE and Judge FURMAN concur.