The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Richard Clayton NEPTUNE,
Defendant–Appellant.

No. 92CA1928.

Colorado Court of Appeals,
Div. II.

Nov. 18, 1993.

---

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Matthew S. Holman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Rennard E. Hailey, Grand Junction, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Richard Clayton Neptune, appeals the order of restitution prescribed in conjunction with the sentence imposed following his entry of a guilty plea to felony theft and second degree forgery. We affirm.

The trial court sentenced defendant to a community corrections program for a period of four years, followed by one year of probation supervision. The trial court ordered defendant to make restitution and required him to execute a note secured by a second deed of trust on his residence which would be released when restitution was paid in full.

Defendant maintains that the trial court exceeded its jurisdiction by requiring him to execute a note and second deed of trust on his home to secure his restitution obligation to the victim. We disagree.

Section 16–11–101.5, C.R.S. (1993 Cum. Supp.) provides that any order of restitution to be paid by a person sentenced for a crime shall be a final judgment and shall have all the force and effect of a final judgment and, as such, may be enforced by a victim named in the order to receive the restitution in the same manner as a judgment in a civil action. Further, Crim.P. 57(b) provides that if no procedure is specifically prescribed, the court may look to the Rules of Civil Procedure for guidance. C.R.C.P. 70 provides a means for the conveyance of real property in order to comply with a court order.

Here, by its order, the trial court was providing security for the payment of restitution to the victim of defendant's crime. Requiring defendant to execute a note and second deed of trust on his property merely assured defendant's compliance with a lawful order of restitution entered by the trial court. *See generally Herzfeld v. U.S. District Court*, 699 F.2d 503 (10th Cir.1983) (authority to create receivership to accomplish restitution implicit in power to order restitution).

Under the circumstances, we find no merit in defendant's contention that the trial court acted in excess of its jurisdiction in this matter.

Sentence affirmed.

TURSI and TAUBMAN, JJ., concur.