The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Richard A. STROCK, Defendant– Appellant.

No. 95CA1710.

Colorado Court of Appeals, Div. V.

Nov. 7, 1996.

Rehearing Denied Dec. 12, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Katherine A. Cleman, Special Assistant Attorney General, Lakewood, for Plaintiff–Appellee.

David Vela, Colorado State Public Defender, C. Keith Pope, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Richard A. Strock, appeals the order of restitution prescribed in conjunction with the sentence imposed following the entry of his guilty pleas to driving under the influence and unlawful possession of a controlled substance. He also challenges the court's denial of his motion for the return of property seized from him following his arrest. We reverse the orders and remand for further proceedings.

Numerous charges were brought against the defendant as a result of his involvement in a traffic accident. Upon the entry of his guilty pleas to two charges, he was sentenced to three years in the Department of Corrections and a concurrent county jail term. The court reserved fixing the amount of restitution owing pending receipt of additional information from the victim and the district attorney.

At the time of his arrest, $501.60 was seized from the defendant. Following the imposition of defendant's sentence, but before the restitution order was entered, defense counsel moved for return of those funds. The court denied the motion.

Concluding that returning the money to the defendant "would be adverse to the whole idea of justice" because the defendant owed the victim more than $2,400, the court ordered that the money be turned over to the court. It indicated that the money would, in turn, be sent to the victim in partial payment of the restitution owing.

Defendant contends the court exceeded its jurisdiction by ordering that the seized funds be turned over to the court in order to satisfy a portion of the restitution amount. Under the particular circumstances of this case, we agree.

Section 16–11–102(4), C.R.S. (1986 Repl.Vol. 8A) provides, in pertinent part, that when a court imposes a sentence, "the amount of restitution shall be fixed by the court at the time of sentencing and shall be endorsed upon the mittimus." This statute does not authorize the court to order or impose restitution. It simply directs the court to determine the amount of restitution owing at the time of sentencing, if any, and to include that amount in the judgment of conviction endorsed upon the mittimus. *People v. Lemons,* 824 P.2d 56 (Colo.App.1991).

The amount of restitution set by the trial court must be later considered by the parole board, the body charged with actually imposing the order of restitution. Section 17–2–201(5)(c)(I), C.R.S. (1986 Repl.Vol. 8A); *People v. Powell,* 748 P.2d 1355 (Colo.App. 1987). Except in certain circumstances not present here, only the parole board has the authority to enter an order of restitution and fix the manner and time of performance. *People v. Randolph,* 852 P.2d 1282 (Colo.App. 1992); *cf.* § 16–11–204.5, C.R.S. (1996 Cum. Supp.) (when restitution imposed as a condition of probation, the court shall fix manner and time of performance); *People v. Burleigh,* 727 P.2d 873 (Colo.App.1986) (same).

When a defendant in a criminal case files a motion for return of property, the defendant establishes a *prima facie* case by showing that the property was seized at the time of arrest and held by law enforcement authorities. The burden then shifts to the prosecution to prove by a preponderance of the evidence that the items seized were the fruit of an illegal activity or that a connection exists between those items and criminal activity. *People v. Fordyce,* 705 P.2d 8 (Colo. App.1985). It is fundamental to the integrity of the criminal justice system that seized property against which the government has no claim must be returned to its lawful own-

er. *People v. Buggs,* 631 P.2d 1200 (Colo. App.1981).

Here, the trial court was authorized to fix the amount of restitution owing by the defendant. It was not authorized, however, to determine that the amount would be paid to the victim and the manner or timing of that payment. Hence, by ordering that the monies seized from the defendant by the arresting agency be turned over to the court in order to be distributed to the accident victim, the court exceeded its jurisdiction.

The People argue that the court's restitution order was proper under *People v. Neptune,* 866 P.2d 176 (Colo.App.1993). In that case a division of this court upheld the trial court's order requiring the defendant to execute a note secured by a second deed of trust on his residence which would be released when the restitution amount was paid in full.

We do not find *Neptune* persuasive authority because it did not address the interplay between a trial court setting the amount of restitution, on the one hand, and a parole board or community corrections program establishing the manner and time of payment of such restitution, on the other.

To the extent that *Neptune* can be read to be inconsistent, we decline to follow it.

Thus, we conclude that the trial court's order was not authorized by statute because the manner and time of payment of restitution was exclusively within the jurisdiction of the parole board. *See People v. Randolph, supra.* Further, there were no allegations that the monies seized from defendant at the time of his arrest were the fruit of, or connected to, illegal activity. *People v. Fordyce, supra.*

Therefore, the order requiring that the money seized from the defendant be turned over to the court for release to the accident victim is reversed. The order denying defendant's motion for return of the funds seized is also reversed and the cause is remanded for reconsideration of that motion.

MARQUEZ and RULAND, JJ., concur.