In re the **MARRIAGE OF Janet L. DAUWE, n/k/a Janet Lee Sellers, Appellee,**

**Daniel W. Dauwe, Appellant.**

**No. 03CA1756.**

Colorado Court of Appeals, Div. A.

July 15, 2004.

Kane, Donley & Johnson, P.C., Yolanda M. Fennick, Colorado Springs, Colorado, for Appellee.

Daniel W. Dauwe, Pro Se.

Opinion by Judge NEY.*

In this postdissolution of marriage action, Daniel W. Dauwe (husband) appeals from the court's order requiring the clerk of court to execute documents necessary to modify the agreement surrounding the mortgage on property awarded to Janet Lee Sellers (wife). We reverse.

The marriage of husband and wife was dissolved in 1997. The marital home was awarded to wife, but the court made no provision in its final order for the removal of husband's name from the mortgage.

In 2003 wife sought husband's agreement to renegotiate the mortgage to obtain terms that wife deemed more favorable. When husband refused to sign the required documents, wife requested that the court issue an order permitting the clerk of court to execute the documents pursuant to C.R.C.P. 70. Wife subsequently amended her motion to indicate that she did not intend to refinance the mortgage, but rather to "modify the agreement surrounding the mortgage." The court granted wife's motion, as amended.

■ Husband contends that because he had not failed to comply with any court order, the court erred in ordering the clerk of court to execute the documents needed to modify the terms of the mortgage on the marital home. We agree.

C.R.C.P. 70 provides that "[i]f a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done ... by some other person appointed by the court and the act when so done has like effect as if done by the party."

C.R.C.P. 70 is similar to and based upon Fed.R.Civ.P. 70. Therefore construction of Fed.R.Civ.P. 70 by the federal courts constitutes persuasive authority for the construc-

tion of C.R.C.P. 70. *Duran v. Lamm,* 701 P.2d 609 (Colo.App.1984).

■ Fed.R.Civ.P. 70 "applies only if a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party has failed to comply within the time specified." 12 C. Wright, A. Miller & R. Marcus, *Federal Practice & Procedure* § 3021 (2d ed.1997). It is not an appropriate basis for relief if the party seeking relief does not allege noncompliance with an order issued by the court. *United States v. One (1) Douglas A–26B Aircraft,* 662 F.2d 1372 (11th Cir.1981).

■ A Colorado court may invoke its equitable authority under C.R.C.P. 70 to enforce a prior court order. *See People v. Neptune,* 866 P.2d 176, 176 (Colo.App.1993)(order requiring defendant to execute a note secured by a second deed of trust on his residence to be released when restitution was paid in full was proper; "C.R.C.P. 70 provides a means for the conveyance of real property in order to comply with a court order."); *Duran v. Lamm, supra* (court permitted to join state controller and treasurer as parties defendant for the purpose of enforcing judgment against the state for attorney fees). No Colorado case holds that a court may invoke its equitable authority under C.R.C.P. 70 to direct a third party to perform an act for or in the place of a party who was not ordered to perform the act and did not violate a court order by failing to do so.

Here, husband was not ordered to comply with wife's request that he execute documents permitting her to modify the terms of the mortgage on the marital home. Wife does not allege that he violated any order of the court by failing to do so.

Accordingly, we conclude that the court erred in ordering the clerk of court to execute the documents needed to modify the terms of the mortgage on the marital home.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.

Because of this disposition we need not consider the remaining issue raised by husband.

The order is reversed.

Judge GRAHAM and Judge PIERCE * concur.