The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
March 12, 2020

## 2020COA39

**No. 16CA2203, *People v. Martinez-Chavez* — Criminal Law — Sentencing — Restitution**

Defendant appeals the trial court's order imposing restitution without a hearing. At sentencing, the People reserved restitution; after sentencing, the People filed a motion for restitution. Defendant filed a timely objection to the People's motion for restitution and requested a hearing. The People responded to defendant's objection. The trial court determined that all of the objections raised in defendant's response were legal arguments that the court could resolve without a hearing, so it did. On appeal, defendant contends that the trial court erred by resolving the motion for restitution without an in-person hearing.

A division of the court of appeals holds that when restitution is not addressed at a defendant's sentencing hearing and is instead

reserved at the request of the prosecution, if the defendant timely objects to the restitution and demands a hearing, then the defendant is entitled to an in-person hearing on the issue of restitution. Based on this holding, the division reverses the restitution order and remands the case for further proceedings, including a restitution hearing.

COLORADO COURT OF APPEALS     **2020COA39**

Court of Appeals No. 16CA2203
Garfield County District Court No. 14CR56
Honorable Denise K. Lynch, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jose C. Martinez-Chavez,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE WELLING
Terry and Berger, JJ., concur

Announced March 12, 2020

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Inga K. Nelson, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Jose C. Martinez-Chavez, appeals the trial court's order imposing restitution without a hearing.  At sentencing, the People reserved restitution; after sentencing, the People filed a motion for restitution.  Martinez-Chavez filed a timely objection to the People's motion for restitution and requested a hearing.  The People responded to Martinez-Chavez's objection.  The trial court determined that all of the objections raised in Martinez-Chavez's response were legal arguments that the court could resolve without a hearing, so it did.  Martinez-Chavez contends that the trial court erred by resolving the motion for restitution without an in-person hearing.

¶ 2    We agree with Martinez-Chavez that the court should have held a restitution hearing.  We hold that when restitution is not addressed at a defendant's sentencing hearing and is instead reserved at the request of the prosecution, if the defendant timely objects to the restitution and demands a hearing, then the defendant is entitled to an in-person hearing on the issue of restitution.  Therefore, we reverse the restitution order and remand the case for further proceedings, including a restitution hearing.

## I.     Background

¶ 3     In April 2016, Jose Martinez-Chavez pleaded guilty to one count of first-degree assault and one count of attempted sexual assault on a child-victim less than fifteen years of age.  The events underlying his conviction occurred during late 2013 and early 2014, when he was living with his significant other (whom he assaulted) and engaged in sexual conduct with her seven-year-old daughter.

¶ 4     About two months later, Martinez-Chavez was sentenced to fourteen years in the custody of the Department of Corrections.  At sentencing, the prosecutor indicated he had "forgot[ten]" to address restitution, telling the court that "there is going to be some[,] likely crime victim compensation request and counseling."  Based on this representation, the trial court reserved restitution pursuant to section 18-1.3-603(1)(b) and (2), C.R.S. 2019, giving the prosecution ninety-one days to file a motion for restitution.

¶ 5     Thereafter, the People timely filed a motion for restitution, seeking a total of $8553.40 in restitution in favor of the Ninth Judicial District's Crime Victim Compensation Board (CVCB).  The request broke down, as follows:

| Category | Amount |
|---|---|
| Medical Expenses | $357.50 |
| Mental Health Therapy | $3240.00 |
| Rent | $3050.00 |
| Utilities | $106.25 |
| Food Assistance | $300.00 |
| Subtotal | $7053.75 |
| Interest | $1499.65 |
| Total | $8553.40 |

¶ 6    Fifteen days later, Martinez-Chavez filed a written objection and requested a hearing.  His objection began:

> 1.    The People filed a Restitution Motion on or about August 23, 2016.  In that motion, the prosecution asks for restitution to the Ninth Judicial District Crime Victim Compensation Fund for items that the defendant is not legally responsible for.
>
> 2.    The defendant demands a hearing on restitution as provided by *People v. Martinez*, 16 P.3d 223 (Colo. App. 2007).

Martinez-Chavez also objected to the People's requests for rent, utilities, and food assistance, contending that he cannot be held

responsible for these "loss of support" expenses because he was not working at the time these expenses were incurred. In addition, he objected to the date that pre-judgment interest began to accrue, as well as the post-judgment interest rate that the People requested. Finally, he requested that the trial court, pursuant to section 24-4.1-107.5, C.R.S. 2019, conduct an in camera review of the CVCB records supporting the request for restitution and that the court disclose those documents to him.

¶ 7 Two days later, the People filed a response, arguing that Martinez-Chavez's specific objections should be denied and that his request for an in camera review of the CVCB's documents should be quashed.

¶ 8 The court denied most of Martinez-Chavez's objections, but agreed that food assistance was not covered under the Crime Victim Compensation Act (CVC Act) and that interest should accrue only from the date the CVCB paid the respective claim. The trial court also denied Martinez-Chavez's request for an in camera review of the CVCB records, finding that he did not satisfy his burden of providing a non-speculative evidentiary hypothesis for obtaining such records. Finally, the trial court found that Martinez-Chavez's

objection did not warrant a hearing because his "objections are legal objections which the Court can rule on without a hearing" and that a "hearing would not assist the Court in determining the issues before it." Based on these findings, the trial court entered a restitution order in favor of the CVCB in the amount of $6753.75. The restitution order reflected the denial of the $300 payment for food assistance and the denial of pre-judgment interest.

## II. Analysis

¶ 9 Martinez-Chavez raises three issues on appeal. First, he contends that the trial court reversibly erred when it denied his request for a hearing on restitution. Second, he contends that the 2015 amendments to the CVC Act and restitution statutory scheme — creating a presumption that payments made by a CVCB were proximately caused by a defendant's conduct while further limiting access to those records — are unconstitutional. Third, he contends that the prosecution failed to prove by a preponderance of the evidence that he was the proximate cause of the losses underlying the restitution award.

¶ 10 We agree with Martinez-Chavez's first contention: he was entitled to the hearing he requested. Because we resolve this

appeal on the basis of the erroneous denial of a hearing, we reverse and remand this case for a restitution hearing without reaching the other two issues.

## A. Legal Principles

¶ 11    Criminal defendants must "make full restitution to those harmed by their misconduct." § 18-1.3-601, C.R.S. 2019.

¶ 12    Each judicial district has a CVCB. § 24-4.1-103(1), C.R.S. 2019. A CVCB is responsible for making compensation awards to crime victims and to the relatives of crime victims for losses proximately caused by a criminal act. §§ 24-4.1-102(10), -108, C.R.S. 2019. Compensable losses include, among other things, medical expenses, mental health counseling, and loss of support to dependents. § 24-4.1-109(1)(a), (f), (g), C.R.S. 2019.

¶ 13    If a CVCB awards compensation to a victim or other qualifying person, the CVCB is eligible to seek and obtain restitution from a defendant in his or her criminal proceeding. *See* § 18-1.3-602(4)(a)(IV), C.R.S. 2019 (defining "victim" to include "[a]ny victim compensation board that has paid a victim compensation claim"); *see also People v. Rivera*, 250 P.3d 1272, 1275 (Colo. App. 2010) ("The restitution statute provides that restitution may be ordered to

any victim compensation board that has paid a victim compensation claim."). Pursuant to a 2015 amendment to the CVC Act, the statute further provides that "the amount of assistance provided and requested by the crime victim compensation board is presumed to be a direct result of the defendant's criminal conduct and must be considered by the court in determining the amount of restitution ordered." § 18-1.3-603(10)(a); *see also* Ch. 60, sec. 6, § 18-1.3-603, 2015 Colo. Sess. Laws 147; *People v. Henry*, 2018 COA 48M, ¶ 1.

¶ 14    In a restitution proceeding, the prosecution bears the burden of proving by a preponderance of the evidence not only the victim's losses, but also that the victim's losses were proximately caused by the defendant's criminal conduct. *See People v. Randolph*, 852 P.2d 1282, 1284 (Colo. App. 1992); *see also People v. Vasseur,* 2016 COA 107, ¶ 15.

## B.    Right to a Restitution Hearing

¶ 15    Martinez-Chavez contends that the trial court improperly denied his request for a hearing on restitution. We agree and conclude that the trial court erred by entering its restitution order without first conducting the requested hearing.

7

### 1. Martinez Chavez Was Entitled to a Hearing Before Restitution Was Imposed

¶ 16 Restitution is an aspect of sentencing. *See, e.g., Vasseur*, ¶ 16 ("Restitution is part of the district court's sentencing function in criminal cases."). Indeed, a sentence is illegal if a sentencing court fails to address restitution. *See, e.g., People v. Hernandez*, 2019 COA 111, ¶ 22; *People v. Barbre*, 2018 COA 123, ¶ 20 ("[U]nder the statutory scheme, every order of conviction of a felony, misdemeanor, petty offense, or traffic misdemeanor offense 'shall' include an order imposing restitution based on the victim's pecuniary loss proximately caused by the defendant's conduct.") (quoting §§ 18-1.3-602(3)(a), -603(1), C.R.S. 2019).

¶ 17 The trial court denied Martinez-Chavez's request for a hearing on the basis that his objections were "legal objections which the Court can rule on without a hearing" and that a "hearing would not assist the Court in determining the issues before it."

¶ 18 Over the last two decades, however, divisions of this court have repeatedly noted that a defendant is entitled to a restitution hearing when one is requested. *See, e.g., Vasseur*, ¶ 15 ("When the prosecution presents its evidence at a hearing, a defendant must

8

have the opportunity to contest the amount of the victim's loss and its causal link to the crime."); *Rivera*, 250 P.3d at 1275 ("A court may not order restitution without a hearing at which the prosecution must prove the amount of the victim's loss and its causal link to the defendant's conduct, and at which the defendant may contest those matters."); *People v. Martinez*, 166 P.3d 223, 225 (Colo. App. 2007) ("We therefore conclude that a court may not order restitution without a hearing when the prosecution must prove the amount of the victim's loss and its causal link to the defendant, and when defense counsel is present and prepared to contest those matters."); *People v. Mata*, 56 P.3d 1169, 1176 (Colo. App. 2002) ("Here, the court did not determine a restitution amount at the sentencing hearing, but a month later simply entered an order specifying the amount. Thus, defendant had no opportunity to controvert the victim's claimed monetary damages."); *People v. McGraw*, 30 P.3d 835, 839 (Colo. App. 2001) ("We conclude, however, that defendant had a right to a hearing to contest the amount of restitution imposed.").

¶ 19   The Attorney General points out that none of these decisions directly address whether a defendant is entitled to an in-person

hearing when his objection and request for a hearing only raise legal arguments in opposition to restitution. True as that may be, the Attorney General does not bring a single case to our attention where a restitution order has stood where a trial court denied a defendant a requested hearing. Nor does the Attorney General cite any authority for the proposition that a written objection is an adequate substitute for a hearing when the defendant has requested such a hearing.

¶ 20    As a threshold matter, the premise of the Attorney General's argument — that Martinez-Chavez only asserted legal objections — is belied by the record. In his objection, Martinez-Chavez began by asserting that "the prosecution asks for restitution . . . for items that the defendant is not legally responsible for." This is an indication that he is disputing causation — a mixed question of law and fact, not a purely legal question, that the prosecution bears the burden to prove. *See, e.g., Randolph*, 852 P.2d at 1284. And the People's motion for restitution alone falls short of meeting that burden. Specifically, assuming, without deciding, that section 18-1.3-603(10) applies in this case, to be entitled to the presumption that the amount paid by a CVCB is the "direct result of the

10

defendant's criminal conduct," the prosecution must provide either "[a] list of the amount of money paid *to each provider*" or "[i]f the identity or location of a provider would pose a threat to the safety or welfare of the victim, summary data reflecting what total payments were made for" by category. §§ 18-1.3-603(10)(a), (b)(i)-(ii) (emphasis added). In their motion for restitution, the People did not provide a list of providers nor did they even argue that disclosure of such a list would pose a threat to the safety or welfare of any victim. And if subsection 603(10) does not apply, then the motion alone falls further short of establishing causation. *See, e.g., People v. Bohn*, 2015 COA 178, ¶ 18 ("However, the fact of payment by a CVCB is not determinative of whether restitution should be ordered."), *superseded by statute as recognized in Henry*, ¶ 20.

¶ 21 Furthermore, we disagree with the proposition that a written objection to a motion for restitution is an adequate substitute for an evidentiary hearing for three reasons.

¶ 22 First, the function of a hearing is broader than what is afforded by an opportunity to file a written objection alone. "Generally, a hearing contemplates the right to be present, to put forth one's contentions, and to support those contentions by

11

evidence and argument." *People v. Duke*, 36 P.3d 149, 152 (Colo. App. 2001) (citing *Westar Holdings Partnership v. Reece*, 991 P.2d 328 (Colo. App. 1999)). Just as the People would be able to present additional evidence beyond what is included in their motion, such as additional documents or testimony, so too can the defendant at a hearing provide additional evidence or argument in opposition to restitution beyond that which was included within the four corners of his written objection.

¶ 23     Second, because restitution is part of sentencing, there is a strong presumption in favor of the defendant being afforded the opportunity to be heard in person if requested, not simply in a writing filed by counsel. Indeed, a division of this court has recently concluded that "sentencing — *including imposition of restitution* — is a critical stage at which a defendant has a due process right to be present." *Hernandez*, ¶ 24 (emphasis added); *see also id.* at ¶ 23 (collecting cases from other jurisdictions where courts have concluded that restitution hearings are a critical stage).

¶ 24     Third, it would be anomalous to conclude that a defendant has an absolute right to be heard on the issue of restitution when it is

addressed at sentencing, *see, e.g.*, § 16-11-102(5),[1] but has a more limited right to be heard when restitution is reserved at the People's request. Simply put, it makes little sense that a delay at the request of the prosecution could impair a defendant's right to be heard.

¶ 25 Accordingly, we conclude that when restitution is reserved at the prosecution's request and the defendant objects to the request and demands a hearing, he is entitled to such a hearing. At the hearing, the prosecution must carry its burden and the defendant may contest the request or otherwise test the prosecution's evidence. Here, the trial court erred by denying Martinez-Chavez his properly requested hearing.

---

[1] *See also People v. Johnson*, 780 P.2d 504, 508 (Colo. 1989) ("At the sentencing hearing the defendant must be given the opportunity to controvert the victim's claimed monetary damages."); *People v. Mata*, 56 P.3d 1169, 1176 (Colo. App. 2002) ("Under that statutory scheme, the defendant is to be given the opportunity, at the sentencing hearing, to controvert the victim's claimed monetary damages."). The Attorney General does not dispute that Martinez-Chavez would have had the right to be heard had restitution been requested at the time of sentencing.

¶ 26    But this does not end our analysis.  If the denial of the restitution hearing was harmless, then reversal is not required.  So that is where we turn next.

2.    The Deprivation of a Restitution Hearing Was Not Harmless

¶ 27    "[W]e review nonconstitutional trial errors that were preserved by objection for harmless error."  *Hagos v. People*, 2012 CO 63, ¶ 12.  Under this standard, we reverse if the error affected the substantial rights of the parties or "affected the fairness of the trial proceedings."  *Id.* (quoting *Tevlin v. People*, 715 P.2d 338, 342 (Colo. 1986)).

¶ 28    We don't need to look any further than the parties' briefing on appeal to conclude that the denial of a hearing was not harmless.  Martinez-Chavez's second issue on appeal is that the 2015 amendments to the CVC Act and restitution statutory scheme are unconstitutional.  The People argue that Martinez-Chavez's contention in this regard may only be reviewed for plain error (if at all) because he didn't raise this argument before the trial court.  Perhaps the reason it wasn't presented to the trial court is that Martinez-Chavez was denied his requested hearing.  To put a sharper point on it, it strikes us as dissonant to contend, on the

14

one hand, that the denial of a hearing was harmless, and to argue, on the other hand, that the other issues raised on appeal may only be reviewed for plain error because they were not presented to the trial court.

¶ 29    Moreover, as discussed before, the prosecution did not present the information contemplated by section 18-1.3-603(10) to the trial court in support of its restitution request.[2]  A hearing would have both afforded the People an opportunity to present such evidence, and Martinez-Chavez the opportunity to contest or otherwise challenge such evidence.

¶ 30    Simply put, at the restitution hearing, Martinez-Chavez could have, for example:

---

[2] In his opening brief, Martinez-Chavez contends that the "prosecution objected to a hearing and thus chose not to present evidence establishing that Mr. Martinez-Chavez owed the claimed restitution."  That contention is not supported by the record.  While it is true that the prosecution responded to each of the particularized contentions raised in Martinez-Chavez's written objection, the prosecution did not object to the court conducting a restitution hearing.  Instead, the court acted on its own, and not at the specific urging of the prosecution, in opting to resolve the issue of restitution without a hearing.

- challenged the constitutionality of the 2015 amendments to the CVC Act and restitution statutory scheme (as he does on appeal);

- offered a non-speculative evidentiary hypothesis for the in camera review and production of some or all of the CVCB records;

- presented evidence to contest his liability for loss of support;

- held the prosecution to its burden to prove causation; or

- contested the sufficiency of the prosecution's evidence.

¶ 31 Accordingly, we conclude that the erroneous denial of Martinez-Chavez's request for a hearing was not harmless.

### C. Remaining Claims

¶ 32 Because we are remanding the case to the trial court to conduct a restitution hearing, we decline to address Martinez-Chavez's remaining claims, including the challenge to the constitutionality of the 2015 amendments to the CVC Act and restitution statutory scheme. *Hernandez*, ¶¶ 44-56 (declining to consider similar argument on appeal when the case was remanded to the trial court for a new restitution hearing).

16

### III. Conclusion

¶ 33    For the reasons set forth above, the restitution order is reversed, and the case is remanded for further proceedings, including a hearing on the request for restitution.

JUDGE TERRY and JUDGE BERGER concur.