24CA1754 Peo v Denny 12-31-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1754
Adams County District Court No. 03CR429
Honorable Jeffrey Smith Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Daniel Lucky Denny,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE MOULTRIE
Tow and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 31, 2025

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Daniel Lucky Denny, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Daniel Lucky Denny, appeals the postconviction court's order denying his motion for postconviction relief. We affirm.

## I.     Background

¶ 2     According to the affidavit in support of a warrantless arrest (arrest affidavit), a police officer found a white Chevy Blazer, which had earlier been reported as stolen, abandoned on the side of the road. The officer asked a passerby if they saw anyone leaving the area, and the passerby reported that a "young male had just gotten a ride in a silver car." The silver car was eventually located and stopped, and a passenger in the vehicle fled. The passenger — later identified as Denny — was pursued and apprehended. Denny made a few attempts to escape immediately after he was apprehended and before he was transported to jail.

¶ 3     The State charged Denny with first degree aggravated motor vehicle theft, possession of a schedule II controlled substance, and attempted escape. Denny ultimately pleaded guilty to attempted first degree aggravated motor vehicle theft in exchange for the dismissal of the original charges. The parties agreed, and the court

found, that the arrest affidavit was sufficient to establish a factual basis for Denny's guilty plea.

¶ 4 At the 2003 sentencing hearing, defense counsel acknowledged that the owner of the stolen Blazer "want[ed] restitution ordered for the damages to his car." And the prosecutor asked the court to order Denny to pay $5,591 in restitution to the vehicle's owner and submitted documentation to establish the cost of the damage to the Blazer. The district court sentenced Denny to three years in prison and ordered him, without objection, to pay the requested restitution amount to the victim. Later, the court granted Denny's Crim. P. 35(b) motion for a reduction of sentence and resentenced him to thirty months in the custody of the Colorado Department of Corrections.

¶ 5 In 2015, Denny filed a "Motion to Suspend Restitution," in which he acknowledged the restitution order in this case and argued that, while he was incarcerated, he would be unable to pay it. The court denied the motion.

¶ 6 In 2019, Denny filed a Crim. P. 35(c) motion, in which he challenged the validity of his guilty plea, his sentence, and the restitution order because (1) the plea agreement did not provide for

restitution; (2) neither plea counsel nor the providency court advised him that, upon pleading guilty, he would be subject to the possibility of being ordered to pay restitution; and (3) the sentencing court entered the restitution order without holding a hearing on the prosecution's restitution request and without making an independent determination that the prosecution had proved that his criminal conduct proximately caused the victim's losses. Denny acknowledged that he became aware of the restitution issue at the sentencing hearing. The postconviction court denied the motion as untimely filed.

¶ 7 In 2024, Denny filed the underlying Crim. P. 35(a) motion to correct an illegal sentence, in which he asserted that the restitution component of his sentence must be vacated because the victim's losses were caused by uncharged conduct and the court lacked the authority to impose restitution for losses that were not proximately caused by conduct that formed the basis of his conviction. He asserted that the prosecution did not allege, and he did not admit, that he damaged the vehicle. He also asserted that the plea agreement did not address the issue of restitution. The court

denied the motion, finding that it was not cognizable under Crim. P. 35(a).

## II.    Legal Authority and Standard of Review

¶ 8    Every order of conviction must include one of the four types of restitution orders set forth in section 18-1.3-603(1)(a) through (d), C.R.S. 2025. *People v. Weeks*, 2021 CO 75, ¶ 3. As relevant here, "when a trial court determines the amount of restitution (and thereby also necessarily finds restitution liability) before or during sentencing, it enters a subsection (1)(a) order." *Tennyson v. People*, 2025 CO 31, ¶ 40.

¶ 9    Restitution includes, among other things, any pecuniary loss suffered by a victim that was proximately caused by the offender's conduct. § 18-1.3-602(3)(a), C.R.S. 2025. Proximate cause is any cause that in natural and probable sequence produced the claimed injury. *Martinez v. People*, 2024 CO 6M, ¶ 13. We won't disturb the district court's determination of proximate causation unless it is clearly erroneous. *Id.* at ¶ 32.

¶ 10   Generally, a court cannot order a defendant "to pay restitution for pecuniary loss beyond that proximately caused by the conduct essential to the charges to which [the defendant] pleads guilty."

*People v. Roddy*, 2021 CO 74, ¶ 32; *see also People v. Moss*, 2022 COA 92, ¶ 13 ("A defendant may not be ordered to pay restitution . . . for losses that did not stem from the conduct that was the basis of their conviction.").  But the prosecution and the defendant may reach an agreement as part of a plea deal that extends the scope of the restitution order to include pecuniary losses for uncharged conduct or for conduct exclusively related to dismissed counts.  *See* § 18-1.3-603(11); *Roddy,* ¶¶ 5, 28-29; *People v. Sosa,* 2019 COA 182, ¶ 29.

¶ 11    Crim. P. 35(a) permits a court to correct an illegal sentence or a sentence that was imposed in an illegal manner.  *Tennyson,* ¶ 24.

¶ 12    "[A]n illegal sentence includes a sentence that is not authorized by law because it fails to comply *in full* with statutory requirements."  *Id.* at ¶ 25; *see also People v. Jenkins,* 2013 COA 76, ¶ 11 (An illegal sentence is one that "is inconsistent with the sentencing scheme established by the legislature.").  A court may correct an illegal sentence at any time.  Crim. P. 35(a).

¶ 13    Alternatively, "[a] sentence is imposed in an illegal manner 'when the trial court ignores essential procedural rights or statutory considerations in forming the sentence.'"  *Tennyson,* ¶ 29 (quoting

15 Robert J. Dieter & Nancy J. Lichtenstein, *Colorado Practice Series, Criminal Practice and Procedure*, § 21.10 n.10 (2d ed. 2004)). At the time Denny was sentenced, a court could correct a sentence imposed in an illegal manner within 120 days from, as relevant here, the imposition of sentence. Crim. P. 35(a), (b) (2002).

### III. Analysis

¶ 14 When the postconviction court entered its order denying Denny's motion, a postconviction challenge to the restitution order would have been cognizable under Crim. P. 35(a), but it was unclear whether the challenge would constitute an illegal sentence or illegal manner claim. *See People v. Bowerman*, 258 P.3d 314, 315-17 (Colo. App. 2010). Since then, the supreme court held that "any Crim. P. 35(a) challenge to the restitution amount in the context of a subsection (1)(a) order is an illegal sentence claim, not an illegal manner claim." *Tennyson*, ¶ 44. Consequently, Denny's challenge to his restitution order is cognizable as a Crim. P. 35(a) illegal sentence claim, which can be asserted at any time.

¶ 15 Although the postconviction court erred by finding that Denny's motion was not cognizable under Crim. P. 35(a), we nevertheless affirm the order because we are not persuaded that the

restitution component of Denny's sentence is illegal. *See Whiteaker v. People*, 2024 CO 25, ¶¶ 27-28 (courts have the power and the duty to correct an illegal sentence); *People v. Wiseman*, 2017 COA 49M, ¶ 21 (an illegal sentence can be addressed for the first time on appeal); *see also Magana v. People*, 2022 CO 25, ¶ 33 (we review de novo the legality of a sentence). Specifically, the record supports the sentencing court's implicit finding of proximate causation between the victim's losses and the conduct that formed the basis of Denny's conviction.

¶ 16 The Sheriff's Office's Court Information Sheet, which was filed along with the arrest affidavit, named Denny as the sole offender in the underlying incident, indicated that he was arrested for aggravated motor vehicle theft, and documented that the Blazer had sustained "transmission damage." Further, the presentence investigation report — which Denny, through his counsel, confirmed was accurate — contained (1) the passerby's identification of Denny as the driver of the stolen Blazer that "had been tailgating him . . . before speeding past him," (2) Denny's admission that he was driving the stolen vehicle at the relevant time and that he abandoned the car when "[t]he Blazer got stuck," and

(3) the victim's representation that the Blazer had incurred $5,591.18 in damages. Finally, in a letter Denny submitted to the court in anticipation of sentencing, he admitted that he was driving the stolen Blazer at the relevant time and that, after fleeing from the vehicle's owner, he "got the car stuck trying to turn it around."

¶ 17    In light of this record, we cannot say that the district court clearly erred in its implicit finding that the victim's losses stemmed from conduct that formed the basis of Denny's conviction. *See Martinez*, ¶¶ 43-44 (the court did not err in its finding of proximate causation because the defendant was involved in events that led to the collision that caused the damage to the victim's property); *People v. Lockett*, 2025 COA 1, ¶ 36 ("[T]he court didn't err by ordering [the defendant] to pay restitution to the vehicle owners because their losses were proximately caused by conduct essential to [the defendant's conviction]."); *cf. Moss*, ¶¶ 5, 14-20 (the court erred in its finding of proximate causation because no evidence was presented to establish that the claimed damage to the victim's vehicle occurred while it was in the defendant's unlawful possession).

¶ 18    Lastly, Denny does not provide any authority to support his assertion that the restitution order is illegal because of the absence of (1) an allegation of damage in the criminal complaint, (2) a provision in the plea agreement addressing restitution, (3) an advisement that he would be subject to restitution, or (4) an admission that he caused the damage. *See Martinez,* ¶ 13 ("A defendant convicted of a felony offense must pay restitution for any pecuniary loss [they] proximately caused [their] victim."); *Moss,* ¶ 18 (rejecting the defendant's argument that, "because she did not specifically plead guilty to — and was not charged with — damaging the vehicle, she cannot be held responsible for that damage" and, instead, holding that, "while restitution need not be tied to a specific element of the crime, it must be tied to unlawful conduct for which a defendant was convicted"); *People v. Martinez-Chavez,* 2020 COA 39, ¶ 14 ("In a restitution proceeding, the prosecution bears the burden of proving by a preponderance of the evidence . . . that the victim's losses were proximately caused by the defendant's criminal conduct.").

¶ 19    Denny also argues that the above omissions implicated the validity of his guilty plea. However, that claim is cognizable under

Crim. P. 35(c). *People v. Rockwell*, 125 P.3d 410, 414 (Colo. 2005). Accordingly, it must be denied as untimely and successive. § 16-5-402(1), C.R.S. 2025 (a defendant must file a Crim. P. 35(c) motion within three years of their conviction for an offense other than a class 1 felony); Crim. P. 35(c)(3)(VI), (VII) (a trial court is required to deny a Crim. P. 35(c) claim that was, or could have been, raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant).

## IV.   Disposition

¶ 20    The order is affirmed.

JUDGE TOW and JUDGE BERGER concur.