22CA1066 Peo v Sanchez 10-24-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA1066
Arapahoe County District Court Nos. 20CR2172 & 20CR2329
Honorable Shay K. Whitaker, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Aron Sanchez,

Defendant-Appellant.

ORDERS VACATED

Division III
Opinion by JUDGE NAVARRO
Dunn and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 24, 2024

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Lisa Weisz, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Aron Sanchez, appeals the district court's orders imposing restitution following his guilty pleas in two cases. We vacate the orders.

## I.     Factual and Procedural History

¶ 2     Two cases underlie this appeal — a homicide case (20CR2172) and an aggravated robbery case (20CR2329).

¶ 3     In 20CR2172, Sanchez allegedly broke into a motor vehicle to steal a radio, and his accomplice shot and killed a witness. The prosecution charged Sanchez with first degree murder and first degree criminal trespass. Sanchez pleaded guilty to an added count of accessory to first degree murder in exchange for the dismissal of the original charges and two misdemeanor cases.

¶ 4     In 20CR2329, Sanchez and two other men allegedly entered a Harbor Freight Tools store and took various merchandise. The prosecution charged Sanchez with nine counts, including aggravated robbery, theft, and possession of a weapon by a previous offender. He later pleaded guilty to an added count of attempted aggravated robbery — possession of real/simulated weapon, in exchange for the dismissal of the original charges and two misdemeanor cases.

¶ 5     Both plea agreements contained the following:

> Restitution: I understand that the Court will determine the restitution I must pay, if any. The District Attorney's Office may submit a request for restitution within 91 days of sentencing. If I object to the restitution, a hearing shall be set by the Court.

Neither plea agreement required Sanchez to pay restitution for dismissed counts.

¶ 6     In 20CR2172, the prosecution requested restitution in the amount of $2,782. In support, it filed a "Restitution Information" report from the Crime Victim Compensation Board (CVCB) stating that it had paid $2,782 for a burial on behalf of the deceased victim.

¶ 7     In 20CR2329, the prosecution requested restitution in the amount of $224.29, the alleged value of the items taken from Harbor Freight Tools. In support, the prosecution provided a victim impact form from the store's loss prevention manager and a mock receipt.

¶ 8     Sanchez objected to restitution in both cases.  After a hearing, the court granted both restitution requests, awarding $2,782 in 20CR2172 and $207.85 in 20CR2329.[1]

¶ 9     On appeal, Sanchez argues that the restitution orders must be vacated because (1) the losses were associated with counts that were dismissed, and he did not agree to pay restitution related to dismissed counts; (2) the district court's orders were untimely under section 18-1.3-603(1)(b), C.R.S. 2024; (3) the evidence was insufficient to sustain the orders; and (4) the court violated his due process rights by denying an in camera review of the CVCB records. He also contends that, if we uphold the restitution order in 20CR2172, the mittimus must be amended to reflect that restitution is joint and several with a codefendant.  Because we agree with his first argument, we vacate the restitution orders.

---

[1] While the prosecution requested $224.29 in 20CR2329, the prosecution during the restitution hearing conceded that Sanchez was not liable for sales tax, which the original request included. The value of the stolen items without sales tax was $207.85.

## II. Restitution Related to Dismissed Counts

### A. Relevant Principles

¶ 10 Whether a district court "had the authority to impose restitution presents a legal question that we review de novo." *People v. Roddy*, 2021 CO 74, ¶ 23.

¶ 11 Convicted defendants must "make full restitution to those harmed by their misconduct." § 18-1.3-601(1)(b), C.R.S. 2024. Restitution "means any pecuniary loss suffered by a victim . . . proximately caused by an offender's conduct . . . that can be reasonably calculated and recompensed in money." § 18-1.3-602(3)(a), C.R.S. 2024. "Proximate cause in the context of restitution is defined as a cause which in natural and probable sequence produced the claimed injury and without which the claimed injury would not have been sustained." *People v. Rivera*, 250 P.3d 1272, 1274 (Colo. App. 2010).

¶ 12 Courts may not, however, impose restitution for losses caused by conduct that "formed the basis of a charge of which the defendant has been acquitted." *Cowen v. People*, 2018 CO 96, ¶ 2. This principle flows from the fact that, when a defendant is acquitted of a particular charge, the presumption of innocence

remains with respect to that charge, regardless of any findings of guilt on other charges. *Id.* at ¶ 38.

¶ 13 Nor can restitution usually be ordered for losses proximately caused by conduct that formed the basis of a dismissed charge. *See Roddy*, ¶¶ 28, 32. A court may order restitution for losses related to a dismissed charge only if a defendant, at the time of a plea agreement, agrees to pay such restitution. *See id.* at ¶ 32 ("Simply put, if a defendant does not agree, *at the time* the plea agreement is entered on the record, to pay restitution for pecuniary loss beyond that proximately caused by the conduct essential to the charges to which he pleads guilty, it is improper for a court to order it.").

## B. Application

¶ 14 Sanchez contends that restitution in both cases must be vacated because the losses were associated with dismissed counts and he did not agree to pay restitution for dismissed counts in the plea agreement. To their credit, the People concede this point. We also agree with it and vacate the orders.

¶ 15 In 20CR2172, Sanchez pleaded guilty to the offense of accessory to first degree murder. *See* § 18-8-105(1), C.R.S. 2024.

In doing so, Sanchez admitted to aiding the shooter *after* the shooting, but he did not admit to causing the death of the victim. The prosecution sought restitution for the victim's burial expenses. Because Sanchez did not plead guilty to conduct that proximately caused the victim's death, however, he cannot be required to pay restitution for losses related to burial expenses. *See People v. Sosa,* 2019 COA 182, ¶ 34 (concluding that, because Sosa pleaded guilty to the crime of accessory, "the district court was authorized to order Sosa to pay restitution only for losses proximately caused by her conduct in rendering aid *after* the shooting"). To hold otherwise would require Sanchez to pay restitution related to the dismissed count of first degree murder even though he did not agree to pay restitution for conduct underlying the dismissed counts.

¶ 16 In 20CR2329, Sanchez pleaded guilty to attempted aggravated robbery. *See* § 18-4-302, C.R.S. 2024; § 18-2-101, C.R.S. 2024. In doing so, he admitted only that he attempted to take items from the store; he did not admit to taking anything. So the presumption of innocence remains as to the dismissed aggravated robbery and theft charges, and he did not agree to pay restitution related to the dismissed charges. *See Roddy,* ¶ 32; *Cowen,* ¶ 38. Because

6

Sanchez did not plead guilty to any conduct that proximately caused the loss of the store's merchandise, he cannot be required to pay restitution for that loss. *See Sosa*, ¶ 34.

¶ 17 In sum, because Sanchez did not plead guilty to conduct causing the claimed losses, and because he did not agree to pay restitution for losses related to dismissed charges, the restitution orders in 20CR2172 and 20CR2329 cannot stand.

## III.   Other Contentions

¶ 18 Because we vacate the restitution orders, we need not address Sanchez's other appellate contentions.

## IV.   Conclusion

¶ 19 The orders are vacated.

JUDGE DUNN and JUDGE GOMEZ concur.