23CA1084 Peo v Cummings 03-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1084
City and County of Denver District Court No. 17CR782
Honorable Ericka F.H. Englert, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Joshua Andrews Cummings,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE YUN
Grove and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Amy D. Trenary, Alternate Defense Counsel, Broomfield, Colorado, for Defendant-Appellant

¶ 1     Joshua Andrews Cummings appeals the postconviction court's denial of his Crim. P. 35(a) motion requesting vacatur of the sentencing court's restitution order. He argues that the sentencing court entered an illegal sentence or a sentence imposed in an illegal manner by ordering restitution in the amount of $9,950 payable to the Crime Victim Compensation Board (CVCB) despite the prosecution's failure to prove the amount and causation in accordance with section 18-1.3-603(10), C.R.S. 2025. We disagree and therefore affirm the order.

## I.     Background

¶ 2     To provide context for this case, we begin by discussing the legal framework for CVCB payments under the restitution statute before describing the relevant factual background.

## A.     Legal Framework

¶ 3     The Restitution Act requires a convicted offender to financially compensate crime victims for the harm they suffered as a result of the offender's conduct. §§ 18-1.3-601 to -603, C.R.S. 2025. "The purpose of restitution is to make the victim whole, and the Restitution Act is to be 'liberally construed' to accomplish that purpose." *People v. Stone*, 2020 COA 24, ¶ 5 (citation omitted).

1

Pertinent to this case, a "victim" can include "[a]ny [CVCB] that has paid a victim compensation claim" for compensable losses, such as funeral expenses and mental health counseling. § 18-1.3-602(4)(a)(IV), C.R.S. 2025; § 24-4.1-109(1)(e), (g), C.R.S. 2025.

¶ 4    In restitution proceedings, "the prosecution bears the burden of proving by a preponderance of the evidence not only the [amount of the] victim's losses, but also that the victim's losses were proximately caused by the [offender's] criminal conduct." *People v. Martinez-Chavez*, 2020 COA 39, ¶¶ 14, 18.  This burden requires "[m]ore than speculation," but not "the same quality of evidence required in a trial on the merits." *People in Interest of A.V.*, 2018 COA 138M, ¶ 24.

¶ 5    However, a 2015 amendment to the Restitution Act provides that "the amount of assistance provided and requested by the [CVCB] is presumed to be a direct result of the [offender's] criminal conduct and must be considered by the court in determining the amount of restitution ordered." § 18-1.3-603(10)(a); *see* Ch. 60, sec. 6, § 18-1.3-603, 2015 Colo. Sess. Laws 147.  It also states the "amount of assistance provided is established by either"

> > (I) [a] list of the amount of money paid to each provider; or
>
> > (II) [i]f the identity or location of a provider would pose a threat to the safety or welfare of the victim, summary data reflecting what total payments were made for [five specified categories of expenses, including funeral and counseling expenses].

§ 18-1.3-603(10)(b).

¶ 6 Divisions of this court have interpreted the 2015 amendment as creating a rebuttable presumption of proximate cause that is triggered by the prosecution establishing the amount of assistance provided through a list or summary data. *See, e.g., Martinez-Chavez*, ¶ 20 (Assuming that subsection (10)(a) applies, "to be entitled to the presumption . . . , the prosecution must provide either [a list or summary data]."); *People v. Fregosi*, 2024 COA 6, ¶¶ 44-45 ("To trigger the rebuttable presumption, . . . the prosecution must establish the amount of assistance provided," and the "statute prescribes two ways" to do so.). A rebuttable presumption shifts the burden of producing evidence to the opposing party. *People v. Henry*, 2018 COA 48M, ¶ 17. If the opposing party fails to produce sufficient evidence to rebut the

3

presumption, the presumed facts are established as a matter of law. *Id.*

## B.     Factual Background

¶ 7     On January 31, 2017, near Union Station in downtown Denver, Cummings approached a Regional Transportation District (RTD) security guard, put a gun to the guard's head, and pulled the trigger. *People v. Cummings*, slip op. at ¶ 2 (Colo. App. No. 18CA0503, Mar. 24, 2022) (not published pursuant to C.A.R. 35(e)). The RTD guard died in "less than a few minutes." *Id.* Subsequently, a jury convicted Cummings of first degree murder after deliberation. *Id.* at ¶ 4.

¶ 8     At Cummings's sentencing hearing, the prosecutor requested "restitution of $11,570." In response, defense counsel said, "I guess we just need to see the restitution forms."

¶ 9     After sentencing, the prosecutor filed a motion for restitution in the amount of $9,950, explaining that the prosecution "received . . . information from [the CVCB] requesting restitution in the amount of $9,950, for damages directly related to, and a result of, the action cause[d] by [Cummings]." The prosecutor also filed a restitution request form, which was divided into three sections

4

based on the type of victim. The amount of requested restitution was left blank in the first two sections, but at the bottom of the form it stated:



Restitution Request Form

¶ 10 Defense counsel filed a request for more time to respond and a written objection. In both, defense counsel explained that the prosecution had reduced the restitution amount after defense counsel discovered an error in the supporting documentation:

> After review of the prosecution's supporting documentation for the requested restitution, defense counsel noticed what appeared to be an error in calculation. Defense counsel alerted the prosecution . . . [and] the prosecution, through an email, adjusted the requested amount to $9,950.00.

In the written objection, defense counsel objected to "the granting of any restitution in this matter."

¶ 11    At the restitution hearing, defense counsel again objected to "any restitution under the Colorado Constitution and the United States Constitution, due process clauses and right to confront witnesses," noting that the defense had "received nothing but the bare restitution sheet that has totals on it." The prosecutor replied that "victims' compensation is specifically authorized," that the sentencing court "heard this trial," and that he "believe[d] specific restitution [to the CVCB] . . . was for funeral services and mental health therapy for the wife of the victim." Defense counsel had no further objection.

¶ 12    The sentencing court ordered $9,950 in restitution, finding as follows:

> [B]ased upon a receipt of the motion for restitution in this case, there is a request specifically to [the CVCB] fund in the amount of $9,950, included within the definition of victim is money that has been paid pursuant to the victim compensation claim based upon or is encompassed in the term of victim in this case.
>
> The Court finds that based upon [the CVCB] paying out expenses related to this case being sustained by the victim in this case, it is appropriate to grant restitution . . . in the amount of $9,950.

¶ 13    After Cummings's conviction was affirmed on direct appeal, he

retained new counsel and filed a Crim. P. 35(a) motion arguing,

among other things, that restitution payable to the CVCB was

imposed in an illegal manner.  He argued that the "prosecution's

lump-sum request" form failed to prove the amount and made it

"impossible . . . to rebut the presumption of causation."

Specifically, he appeared to argue that the prosecutor must present

a list of the amounts paid to each provider "to the court" because

(1) section 18-1.3-603(2)(a) states "[t]he court shall base its

[restitution] order . . . upon information presented to the court by

the [prosecution]"; and (2) if there are no safety concerns, section

18-1.3-603(10)(b) requires the amount be "established" by a list of

the amounts the CVCB paid to each provider.

¶ 14    The prosecution responded that the Restitution Act created a

presumption of proximate cause since the defense received a

compliant list during discovery.  In support, it attached (1) a

discovery receipt showing the defense received "BATES [PAGES]

1106-1109 (RESTITUTION DOCUMENTS)" before the restitution

hearing; and (2) a memorandum, paginated 1107, listing the

amounts that the CVCB paid to each provider. The CVCB memorandum is pictured below:

001107 01/25/2018     People v. Joshua Cummings 17CR782     01/25/2018 001107

**Crime Victim Compensation**        720-913-9253
Second Judicial District              720-913-9035 (Fax)
201 W. Colfax, Dept 801
Denver, CO 80202

### MEMORANDUM

TO:       Sabrina Miller - Victim Advocate, Denver District Attorney

FROM:     Linda Ferry – Crime Victim Compensation

DATE:     November 16, 2017

SUBJECT:  17CR00782; Joshua Cummings

The Crime Victim Compensation Board requests restitution in the above case for the following expenditures made on behalf of Scot Von Lanken.

| | | | |
|---|---|---|---|
| Viegut Funeral Home | BUR | $9,500.00 | Paid 11/16/17 |
| Larry Snap | THR | $450.00 | Paid 11/16/17 |
| Total | | $9,950.00 | |

CVCB Memorandum

¶ 15     In his reply, Cummings did not deny that his prior counsel received this memorandum before the restitution hearing. He argued only that the memorandum should have been provided to the sentencing court. Critically, the defense clarified that

8

"Cummings has not challenged causation" and "takes issue only with the *manner* in which the restitution was imposed."

¶ 16   The postconviction court denied his Crim. P. 35(a) motion, finding that the "record demonstrates that the [CVCB] paid . . . for burial expenses and therapy" and "that the amount paid was a result of . . . Cummings's conduct."  The court further explained:

> The Motion for Restitution and Request for Restitution . . . do not itemize the amount of restitution paid by the [CVCB].  However, it is evident that the restitution information was provided to the defense in discovery.  And although the discovery documents are not part of the factual record, it is apparent that the defense was on notice of the categories paid by the [CVCB] and that the Court considered these amounts and categories in awarding restitution.  At the hearing[,] the defense stated the People had not established what the restitution was paid for.  In response, the People stated the categories — funeral and therapy — for which [the CVCB] paid restitution.  The defense did not object or otherwise make any further record at all.  In response, the Court found that the request for restitution to the [CVCB] was appropriate and awarded restitution in the amount of $9,950.

## II.   Analysis

¶ 17   Cummings appeals the postconviction court's denial of his Crim. P. 35(a) motion, alleging once again that the sentencing court

imposed restitution in an illegal manner and, for the first time on appeal, that his restitution order is an illegal sentence.

¶ 18    In support of both challenges, he argues that the court could not impose restitution unless the prosecution proved the amount and causation.  However, he asserts that the prosecution proved neither — since it failed to provide a list of the amount paid to each provider "to the court" at the restitution hearing, there was no statutory presumption under section 18-1.3-603(10)(a).  Thus, he continues, "[t]he prosecution presented insufficient evidence to prove that . . . Cummings was liable for $9,950 in restitution payable to the CVCB."

¶ 19    We first address whether Cummings's challenge is cognizable as either an illegal sentence or an illegal manner claim.  We next analyze whether the sentencing court imposed restitution in an illegal manner.

A.    Illegal Sentence Claim

¶ 20    Cummings asserts that the restitution order constitutes an illegal sentence requiring vacatur because the prosecution's failure to present the list described in section 18-1.3-603(10)(b) at the hearing deprived the court of its "authori[ty] to impose restitution

10

payable to the CVCB." Alternatively, he pursues an illegal manner claim relying on the same facts. We disagree that his challenge is cognizable as an illegal sentence claim.

¶ 21    We review the legality of a sentence de novo. *Tennyson v. People*, 2025 CO 31, ¶ 23. Under Crim. P. 35(a), a defendant may challenge a sentence as either an illegal sentence or as a sentence imposed in an illegal manner. Illegal sentences include (1) a sentence "not authorized by law because it fails to comply *in full* with statutory requirements," and (2) "[a] sentence imposed without jurisdiction." *Tennyson*, ¶¶ 25, 27. A sentence is imposed in an illegal manner when "the [district] court ignores essential procedural rights or statutory considerations in forming the sentence." *Id.* at ¶ 29 (citation omitted). Illegal manner claims include those "where the court fails to adhere to statutory procedural requirements" or "where the manner of imposing the sentence results in the denial of procedural due process." *Id.* Though the concepts appear overlapping, our supreme court has cautioned that viewing illegal sentences as "encompassing procedural infirmities" would "risk[] blurring the distinction

between [illegal sentences and] sentences that are voidable because they have been imposed in an illegal manner." *Id.* at ¶ 30.

¶ 22 In light of *Tennyson,* we are not persuaded that Cummings's procedural challenge to restitution based upon the prosecution's failure to present a list to the court is cognizable as an illegal sentence claim. In *Tennyson,* our supreme court held that the "court's post-sentencing determination of the restitution amount . . . was not part of [the defendant's] sentence," and it concluded that a challenge to the timeliness of this determination is "an illegal manner claim, not an illegal sentence claim." *Id.* at ¶ 45. But Cummings neither addresses the supreme court's decision in *Tennyson* nor provides any legal authority holding that noncompliance with section 18-1.3-603(10)(b) strips the court of authority to impose restitution. Accordingly, we conclude that his challenge is cognizable only as an illegal manner claim.

### B. Illegal Manner Claim

¶ 23 Alternatively, Cummings argues that the sentencing court imposed restitution in an illegal manner by "ignor[ing] [his] essential procedural rights and statutory considerations." While

this claim is cognizable, we disagree that restitution was imposed in an illegal manner.

### 1. Standard of Review

¶ 24　Unlike an illegal sentence claim, an illegal manner claim must be brought within the designated statutory timeframe. Crim. P. 35(a)–(b). Cummings timely brought his illegal manner claim because he filed his Crim. P. 35(a) motion 126 days after issuance of the appellate mandate following his direct appeal. *See* Crim. P. 35(a)–(b); *Cummings*, No. 18CA0503, slip op. at ¶ 50.

¶ 25　The appropriate standard of review for an illegal manner claim "necessarily will depend on which of a wide variety of restitution issues district courts decide and we are asked to review." *People v. Barbre*, 2018 COA 123, ¶ 24. Cummings seeks de novo review of "whether the prosecution presented sufficient evidence to support the requested amount of restitution." That does not fully articulate the applicable standard of review for this case.

¶ 26　Whether section 18-1.3-603(10)(b) requires the prosecution to present a list — specifically, to the court — is a question of statutory interpretation that we review de novo. *People v. Steen*, 2014 CO 9, ¶ 9. So is the question of whether the "*quantum* of

13

evidence provided to the court" was sufficient to support the restitution amount. *Martinez v. People*, 2024 CO 6M, ¶ 20. However, we review the court's findings of fact, including whether it properly found causation in a restitution proceeding, for clear error. *See id.* at ¶¶ 21, 32, 34. Under this standard, we must affirm the court's findings unless they are without support in the record. *Id.* at ¶ 34.

### 2. Section 18-1.3-603 Requirements

¶ 27 For two reasons, we are not persuaded that the sentencing court "ignore[d] procedural rights or statutory considerations," resulting in a sentence imposed in an illegal manner.

¶ 28 First, the record demonstrates that Cummings received a compliant list before the restitution hearing. The memorandum was compliant because it showed the amounts paid to two providers: the CVCB paid $9,500 to Viegut Funeral Home and $450 to Larry Snap, a mental health counselor. *See* § 18-1.3-603(10)(b). Both were compensable losses by statute. *See* § 24-4.1-109(1)(e), (g). Further, the record shows Cummings received this memorandum before the restitution hearing:

14

- Before the hearing, the defense twice noted that the prosecution reduced its restitution request to $9,950 after the defense identified a calculation error in the "supporting documentation." A calculation error could not be identified with only a "lump-sum" total.

- The prosecution's discovery receipt showed that the defense received "BATES [PAGES] 1106-1109 (RESTITUTION DOCUMENTS)" before the hearing. The memorandum listing the provider payments was paginated 1107.

- At the same hearing, when the prosecution explained that the amount consisted of costs paid by the CVCB for funeral services and mental health counseling, the defense did not object or express surprise.

Based on this record, we agree with the postconviction court's finding that "restitution information was provided to the defense in discovery" before the restitution hearing.

¶ 29    Second, given that Cummings received a compliant list in the memorandum, the only remaining issue is whether the court ignored "procedural rights or statutory considerations" by entering restitution without first receiving this memorandum.

¶ 30     However, prior to imposing restitution, the court received information largely consistent with section 18-1.3-603(10)(b). Before the hearing, the court was informed that the defense had received and reviewed "supporting documentation for the requested restitution." At the hearing, the prosecutor informed the court that the CVCB — an eligible victim under the restitution statute — paid $9,950 to cover the funeral for the RTD guard and his widow's counseling. Although Cummings now argues that the prosecutor's statement was not evidence, he has never disputed the accuracy of this information. He merely argues that the prosecutor was required to present the information in the form of a written list.

¶ 31     Moreover, at the restitution hearing, the $9,950 amount went unchallenged — the defense never suggested that this sum was inflated or that the claimed funeral and mental health expenses were unrelated to Cummings's criminal conduct. Although the court was not informed of the precise breakdown of the total — that the CVCB paid $9,500 to Viegut Funeral Home and $450 to counselor Larry Snap — the defense received the memorandum before the hearing and thus had the opportunity to raise any objections to these payments. But the defense raised none.

¶ 32    Under these circumstances, the court did not impose restitution in an illegal manner.  Because the prosecution provided information largely consistent with section 18-1.3-603(10)(b) at the hearing, the amount of assistance paid by the CVCB was presumed to be a direct result of Cummings's criminal conduct.  Accordingly, sufficient evidence supported the restitution award.  *See Henry*, ¶ 17 (if the presumption is unrebutted, the presumed facts are established as a matter of law).

### 3.    Waiver of Causation

¶ 33    Finally, even if we were to assume that the prosecution violated section 18-1.3-603(10)(b), Cummings waived part of his sufficiency-of-evidence challenge.  Specifically, he waived his argument that the prosecution presented insufficient evidence to establish causation.

¶ 34    Waiver can be demonstrated through explicit words or actions, or it may be implied "as when a party engages in conduct that manifests an intent to relinquish a right or privilege or acts inconsistently with its assertion."  *People v. Roberson*, 2025 CO 30, ¶ 13 (citation omitted).  For statutory rights, waiver "must be voluntary, but need not be knowing and intelligent."  *Id.* (citation

omitted). When statutory rights are at issue, counsel's actions are relevant to our analysis, as "[c]ounsel may waive a defendant's statutory rights." *Id.* (citation omitted). Waiver extinguishes error and thus precludes appellate review. *Id.*

¶ 35    Cummings asserts a statutory right: the right to have the prosecution provide a compliant list.[1] In this appeal, he argues that the statutory presumption under section 18-1.3-603(10)(a) hinges on the prosecution providing the list to the court. He contends that the list's absence from the court record renders the evidence insufficient to establish that the amount paid by the CVCB was proximately caused by his criminal conduct.

¶ 36    However, the prosecution need not rely on the list and its corresponding statutory presumption to establish causation; rather, the prosecution can also prove causation by "other means." § 18-1.3-603(2)(a); *see also Fregosi*, ¶¶ 47-48 (noting that causation can be established through impact statement or other means); *Henry*, ¶¶ 23-24 (holding that the prosecution was entitled to the

---

[1] Cummings withdrew his argument concerning his due process rights to notice and confrontation in his reply in support of his postconviction motion. Consequently, this argument is also waived.

statutory presumption, but that the victim's lost wages were also established by the victim's testimony about missing work); *Barbre*, ¶ 40 ("[U]nder Colorado law, an award of restitution may be based solely on a victim impact statement.").

¶ 37     In this case, Cummings's counsel expressly waived the right to challenge the sufficiency of evidence on causation by representing to the court,

> The district attorney's contentions about whether "the amounts paid to the victim by the Board were proximately caused by the Defendant's actions" are inapposite. Mr. Cummings has not challenged causation. He takes issue only with the *manner* in which the restitution was imposed . . . .

Cummings's counsel treated "the *manner*" — imposing restitution without a list in the record — as separate from causation, asserting that he was not challenging causation. Because Cummings asserts a statutory right, his counsel's representations to the court in the Crim. P. 35(a) proceedings sufficed to waive the issue of causation. Consequently, even if a statutory violation occurred, Cummings waived any right to challenge the sufficiency of evidence on causation.

### III. Disposition

¶ 38    The order is affirmed.

JUDGE GROVE and JUDGE SCHOCK concur.